IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EL-MALIK CURTIS, | No. C 10-00358 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

This is an action brought by plaintiff Ronald Curtis, a firefighter paramedic in the Oakland Fire Department (the "OFD"), against the City of Oakland and various OFD officials for racial discrimination and retaliation in violation of California law and the U.S. Constitution. *See* First Amended Complaint. The parties have submitted letter briefs presenting a discovery dispute to the Court. At issue is plaintiff's request for defendants' financial information in connection with plaintiff's claim for punitive damages.

In Curtis' first request for the production, he seeks a variety of documents establishing the financial condition of defendants Joseph Torres, John Farrell, Gerald A. Simon, and Jennifer Ray. The parties agree that defendants' financial information is relevant to Curtis' punitive damages claim, and is discoverable under the Federal Rule of Civil Procedure. They dispute, however, how far back the plaintiffs may discover the information. Plaintiffs are seeking property appraisals, loan applications and related financial statements, earning statements, account balances and outstanding debt information from January 1, 2006 to the present. Defendants are offering discovery of net worth informaiton from January 1, 2011 forward, including appraisals of real or personal property, statements of income, bank and investment statements redacted to reflect balances only, loan statements redacted to reflect loan

balances, liens or judgments, and vehicle ownership data. Defendants' also seek to limit the information to attorneys' eyes only.

For the purposes of punitive damages, courts have generally found that the relevant discoverable information is the "current condition" of defendants' finances. *See Momot v. Mastro*, 2011 U.S. Dist. LEXIS 51747, *8 (D. Nev. May 13, 2011) (rejecting request for 10 years of tax returns, limiting it to 2007-2009); *see also Platcher v. Health Professional, Ltd.,* 2007 U.S. Dist. LEXIS 68838 (C.D. Ill. 2007) (rejecting a three-year look back). "Other district courts addressing this issue have concluded that financial records over the past two years is sufficient to establish a defendant's current net worth." *United States v. Autumn Ridge Condo Ass'n*, 265 F.R.D. 323 (N.D. Ind. 2009) (rejecting three year period as overbroad). This Court agrees; two years of financial information is sufficient to establish the defendants' current net worth. Plaintiff's citation to *U.S. v. Dong*, 436 F.2d 1237, 1239 (9th Cir. 1971) to support a claim for five years of records is inapposite; *Dong* is a tax evasion case that does not address punitive damages.

The Court therefore orders defendants Joseph Torres, John Farrell, Gerald A. Simon, and Jennifer Ray to produce the following records from the period of **January 1, 2010 to the present**: appraisals of real or personal property, statements of income, bank and investment statements redacted to reflect balances only, loan statements redacted to reflect loan balances, liens or judgments, and vehicle ownership data. The documents will be for attorneys' eyes only.

**IT IS SO ORDERED.**

Dated: December 13, 2011

SUSAN ILLSTON
United States District Judge

2