1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RONALD EL-MALIK CURTIS,                    No. C 10-00358 SI

9              Plaintiff,                       **ORDER RE: DISCOVERY**

10      v.

11   CITY OF OAKLAND, et al.,

12             Defendants.
                                              /
13

14          This is an action brought by plaintiff Ronald Curtis, a firefighter paramedic in the Oakland Fire

15   Department (the "OFD"), against the City of Oakland and various OFD officials for racial

16   discrimination and retaliation in violation of California law and the U.S. Constitution.  *See* First

17   Amended Complaint.  The parties have submitted two sets of letter briefs to the Court outlining a

18   number of discovery disputes.  The disputes will be discussed in turn.

19

20   I.     **Dispute Involving Complaint Filed by Non-Party Employee**

21          During the deposition of defendant Jennifer Ray on November 23, 2011, plaintiff's counsel

22   asked Ray whether, at the time she was assigned as Battalion Chief to Battalion 2 of the Oakland Fire

23   Department, any other person employed at one of the fire stations she commanded had filed a complaint

24   of discrimination with the City of Oakland Equal Opportunity Programs Division ("EOPD").  Defendant

25   Ray stated that there was one other complaint filed with the EOPD, from an employee of Station 7.

26   When asked for the identity of the employee that filed the complaint, defendants' attorney objected,

27   arguing that it called for private third party information.  Plaintiff now asks the Court to compel the

28   identity of that third party.  Doc. 63.  In his second letter, plaintiff also seeks compulsion of documents

related to the complaint.  Doc. 64.

Defendants argue that plaintiff is not entitled to the disclosure of the third party because it is irrelevant and protected information.  It is irrelevant, they argue, because plaintiff worked at Station 1, while the undisclosed third party worked at Station 7.  Though Ray was the Battalion Chief of both stations (as well as seven others), defendants argue that plaintiff's allegations in this case are based solely on the alleged conduct of "Caucasian Firefighters at Station 1".  Def.'s Letter, *citing* Second Amend. Compl., ¶¶ 9-20.  Since neither the complaining third party nor the complained-of officer at Station 7 worked with plaintiff at Station 1, the information is irrelevant.   The information is also protected, defendants argue, because of the recognized interest in preserving the confidentiality of information contained in one's personnel files. *Citing Nakagawa v. Regents of University of California*, 2008 U.S. Dist. LEXIS 111332 (N.D.Cal. Apr. 22, 2008) (Illston, J.).

As a general proposition, information regarding past charges of discrimination against an employer is relevant. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990) (noting that an employee "may prove his or her claim of unlawful discrimination by evidence that other employees of different races or national origin were treated differently in similar circumstances"); *see also Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 58 (D.N.J. 1985).  "Discrimination on the basis of race is by definition class discrimination and the existence of a pattern of racial discrimination in a job category may well justify an inference that the practices complained of were motivated by racial factors." *Robbins*, 105 F.R.D. at 58.  Furthermore, since direct evidence of discrimination is rarely obtainable, "plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case." *Morrison v. City & County of Denver*, 80 F.R.D. 289, 292 (D. Colo. 1978).

In *Rodger v. Elec. Data Sys., Corp.,* 155 F.R.D. 537, 540-42 (E.D.N.C. 1994), plaintiffs sought evidence of all past discrimination complaints brought against their former employer, Electronic Data System, a company with over 70,000 employees. Defendants argued irrelevance, and sought to narrow disclosure to the single "Local Government Division" in which the plaintiffs worked.  The court found that because the president of the State Operations Division, of which the Local Government Division was a part, had supervisory powers over the termination decisions at the Local Government Division,

**United States District Court**
For the Northern District of California

discovery was appropriate up to and throughout the State Operations Division, though not the company as a whole. *Id.*

Here, Jennifer Ray is a defendant in this case, and commanded nine stations - including Stations 1 and 7. Any racial discrimination complaints filed with the EOPD brought during her tenure at this limited number of stations may lead to admissible evidence concerning the existence of a hostile work environment at Battalion 2 in general or in Station 1 in particular. Moreover, it may provide evidence regarding defendants' practices regarding investigating and remediating such conditions. The information is therefore relevant.

Defendants' concern about the confidentiality of the information sought is likewise misplaced. It is true that federal courts recognize a "person's interest in preserving the confidentiality of sensitive information contained in his personnel files." Def.'s Letter, *citing Nakagawa v. Regents of the Univ. of Cal.*, 2008 U.S. Dist. LEXIS 111332, *2 (N.D. Cal. Apr. 22, 2008) (Illston, J.) Therefore, as this Court held in *Nakagawa*, "a proper balance needs to be struck in an employment discrimination case between plaintiff's need to discover information about co-workers, and defendants' privacy rights in their employment files." *Id.* In *Nakagawa*, while the Court found disclosure of the complete personnel files of eleven non-party employees to be overly broad, it compelled the production of limited information within those files, including those employees' backgrounds (their age, education levels, colleges, ethnic makeup, and gender), their salaries, and the types of jobs they held with the defendant employer. *Id.* Here, plaintiffs are seeking only the identity of the non-party employee, and, in their second letter, "documents related to the complaint filed with the EOPD." The Court finds that revealing the name of that employee and documents related to the complaint properly strikes the balance between plaintiff's need to discover information about co-workers, and defendants' (and the third party's) privacy rights in their employment files. Plaintiff's request to compel production of the identity of the third party withheld at the Ray Deposition is GRANTED.

II.      **Request for Production, Set One, Number 12**

In plaintiff's RFP Set One, no. 12, he seeks "Any and all DOCUMENTS which REFLECT, RELATE or REFER to complaints of racial harassment made against Defendant CITY OF OAKLAND

United States District Court
For the Northern District of California

from January 1, 2007, to the present." Defendants object that this request is overly broad and therefore seeks irrelevant information not likely to lead to the discovery of admissible evidence. The Court agrees. Unlike the question put to defendant Ray regarding complaints made during her tenure at Battalion 2 of the Oakland Fire Department, this request encompasses the entire City of Oakland. It is overly broad and seeks information that is not "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Plaintiff's RFP, Set One, No. 12, is therefore DENIED.

II.     **Request for Production, Set Two, Numbers 38-49, complaint**

Request numbers 38-49 refer to any documents which relate to any other complaints of race discrimination or retaliation in which defendants were involved in any matter, including, but not limited to being a witness, supervisor, advisor, or investigator from January 2007. In his second letter, plaintiff states that defendants have provided a number of relevant documents in response to these requests and as part of their initial disclosure. Doc. 64, at 2. Plaintiff argues, however, that defendant has failed to provide "any interview notes with defendant John Farrell from the investigation of the complaints filed by Mr. Curtis with the EOPD on August 5, 2008. Defendants have also failed to supplement their response in regard to the complaint filed by Mr. Curtis on July 19, 2010 against defendants John Farrell and Gerald Simon." Doc. 63 at 2. Defendants do not respond specifically to these assertions in their letter brief. To the extent that such documents exist and are in defendants' possession, the Court finds them relevant and GRANTS plaintiff's request for discovery.

Plaintiff also requests, more broadly, "all notes about the investigation which was made in reference to the complaint of discrimination filed with the EOPD by Ronald Curtis, Ronald Johnson, Bruce Fontelera, Charles D. Lightfoor, and Tamara Holmes on July 22, 2008." Defendants assert that the City has produced responsive documents, including at Bates OAK FD 1163-1236 and 2323-2341. To the extent that these are all of the documents defendants found after a reasonable search, plaintiff's request is DENIED.

III.    **Documents Relating to Mediator Dan Bay's Reports**

Plaintiffs state that as a result of numerous complaints made a Station 1 about possible racism,

the City requested the services of Dan Bay, a mediator employed with the California Department of Industrial Relations' Mediation and Conciliation Services.  While defendants have produced some documents regarding Mr. Bay's visits and reports on Station 1, those documents "did not contain any notes or reports prepared Dan Bey [sic] in regard to these meetings."  Doc. 64 at 2.  Defendants point to the emails between Mr. Bay and Deputy Chief Williams, produced as Bates OAK FD 1411-1412, and state that after a reasonable search and diligent inquiry the City did not locate any additional documents. Plaintiff's request is therefore DENIED.

IV.    **Other Requests**

        In a letter given to defendant's at a November 23, 2011 deposition, plaintiffs also requested the performance appraisal for Jennifer Ray for the period of May 1, 2008 and April 30, 2009, as well as any documents in John Farrell's personnel file related to his one shift suspension.  Regarding the former, defendants state that they agree to look for that document and provide to plaintiff by December 30, 2011, if it can be located.  Regarding the latter, defendants state that plaintiffs have not met and conferred about the request, nor provided any legal basis for it.  Defendants argue that plaintiffs "appear to be trying to conduct discovery by letter demand and motion to compel rather than by serving production requests," and that "if plaintiff wants such documents [i.e., related to John Farrell's one shift suspension], regardless of whether they are present in the personnel file, [plaintiff] can serve a request for production of same."

        In the interest of saving time, the Court will treat plaintiff's November 23, 2011 letter as a request for production of documents regarding John Farrell's one shift suspension.  Defendants must produce the documents or offer any objections to plaintiff.  However, the Court recognizes defendants' arguments that plaintiff has submitted to this Court discovery disputes before engaging in "meet and confers."  Moreover, the Court notes that plaintiff is filing unilateral, four-page discovery dispute letters with the Court in contravention of the Court's July 28, 2011 Standing Order regarding discovery.  In the event counsel is not aware of the relevant provisions of the new standing order, they are reproduced here:

        The parties shall meet and confer in person, or, if counsel are located outside the Bay Area,

**United States District Court**
For the Northern District of California

1  by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-

2  mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet
   and confer.

3  If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a

4  concise joint statement of 5 pages or less, stating the nature and status of their dispute.
   Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of
   the written requests for discovery and the answers or objections thereto.

5

6  If a joint statement is not possible, each side may submit a brief individual statement of 2
   pages or less. The joint statement or individual statements shall be filed or e-filed, if in an e-
   filing case, and courtesy copies submitted as provided by the Civil Local Rules.

7

8  The Court will advise the parties regarding the need, if any, for more formal briefing or a
   hearing, pursuant to Civil Local Rule 7-1(b).

9  Standing Order, July 28, 2011 (*available at* http://www.cand.uscourts.gov/siorders).   All future

10 discovery disputes must be in accord with July 28, 2011 Standing Order.

11

12

13      **IT IS SO ORDERED.**

14

15 Dated: December 23, 2011

16 SUSAN ILLSTON
   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28