IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EL-MALIK CURTIS, | No. C 10-00358 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

This is an action brought by plaintiff Ronald Curtis, a firefighter paramedic in the Oakland Fire Department (the "OFD"), against the City of Oakland and various OFD officials for racial discrimination and retaliation in violation of California law and the U.S. Constitution. *See* First Amended Complaint. The parties have submitted a discovery dispute to the Court.

On December 21, 2011, defendants submitted a letter brief requesting that the Court issue a protective order excluding plaintiff Ronald Curtis from attending a deposition of defendant Justin Elliot, pursuant to Fed. R. Civ. P. 26(c)(1). According to defendants, Mr. Elliot, an OFD firefighter, was threatened by Mr. Curtis in January of 2009. *See* Dec. 21, 2011 Letter Brief, Elliot Decl., ¶ 2.[1] Following the alleged threat, Mr. Elliot transferred to another station for one shift, and seven months later, took a three month leave of absence. Defendant states that Mr. Elliot "continues to be extremely concerned for his safety in Mr. Curtis' presence, and that this would likely have a severe effect on Mr. Elliot's mental health."

---

[1] According to Elliot's declaration and attached report, on January 28, 2009, Curtis confronted Mr. Elliot and stated "Don't be trying to pull your bullshit anymore" and "try that shit again and see what happens to you."

Plaintiff has submitted a letter brief opposing defendants' request. In the brief, plaintiff states that Mr. Curtis "denies even speaking to Mr. Elliot and certainly has never threatened him." Dec. 27, 2011 Letter Brief, at 1. According to plaintiff, defendants have failed to set forth sufficient facts that warrant the "rare and extraordinary" remedy of denying a party the right to attend a deposition.

The Court DENIES defendants' request. The Federal Rules of Civil Procedure allow a court to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including designating the persons who may be present when discovery is conduct, for good cause shown. Fed. R. Civ. P. 26(c)(1)(D). With respect to excluding a party from a deposition, courts that have analyzed the issue have found that it should be ordered only rarely. *See Gallela v. Onassis*, 487 F.2d 986, 996 (2nd Cir. 1973) ("[I]t is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed.") Reflecting this proposition, the cases cited by defendants in support of their request present far more extreme circumstances. *See E.E.O.C. v. ABM Industries*, 2008 WL 2872407, *2 (E.D.Cal. 2008) (protective order granted due to plaintiff's fear about a defendant who had allegedly raped her); *Gallela*, 487 F.2d at 1006 (protective order upheld where defendant already had a Temporary Restraining Order against plaintiff and plaintiff had been charged with violating that order). The Court finds that the circumstances here do not warrant the remedy sought. If threatening circumstances arise during the deposition, the parties may stop the questioning and contact the Court..Defendants' request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: January 17, 2012

SUSAN ILLSTON
United States District Judge