IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD EL-MALIK CURTIS,   No. C 10-00358 SI

    Plaintiff,   **ORDER RE: DISCOVERY MOTION**

  v.

CITY OF OAKLAND, *et al.*

    Defendants.
_____/

    Plaintiff Ronald Curtis, a firefighter paramedic in the Oakland Fire Department ("OFD"), brings this action against the City of Oakland and various OFD officials, including Defendant Jennifer Ray, for racial discrimination and retaliation in violation of state and federal law. *See* First Amended Compl. Parties present a dispute over the further deposition of Ray.

    Plaintiff filed a letter brief requesting the Court order an additional four hours to depose Ray. (Pl.'s Jan. 6, 2012 Letter Brief.) (citing Fed. R. Civ. P. 26(b)(2)(A), 30(d)(1)). Ray opposes the request. (Def.'s Jan. 17, 2012 Letter Brief.) Plaintiff's attorney, Pamela Y. Price, deposed Ray on November 23, 2011 and December 16, 2011. (Def.'s Jan. 17, 2012 Letter Brief.) Parties' letter briefs are vague as to the number of hours Ray was actually deposed, although she was present on both days. The Court will assume Ray's deposition lasted approximately seven hours.

    Normally, "a deposition is limited to . . . 7 hours." Fed. R. Civ. P. 30(d)(1). However, a court, by order, may extend the length of a deposition, Fed. R. Civ. P. 26(b)(2)(A), and must do so if a party needs additional time to "fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). A party seeking an extension "is expected to show good cause." Fed. R. Civ. P. 30 Advisory Comm. Note.

    Plaintiff argues further deposition of Ray is necessary because "Ray is at the heart of Mr. Curtis'

claims" and plaintiff's counsel had insufficient time to depose Ray about,

- Ray's communications with her superior officers and the extent of their participation in the decision to reprimand Mr. Curtis;
- Justin Elliot's claims of intimidation;
- [Ray's] meetings with Mr. Curtis; and
- [Ray's] participation in the City's ill-fated remedial actions.

(Pl.'s Jan. 6, 2012 Letter Brief.) Plaintiff cites *Fleming v. Coverstone*, for the proposition that courts generally grant requests for additional time where important issues still need to be addressed. Civil No. 08cv355 WQH, 2009 WL 4040066, at *1 (S.D. Cal. Nov. 19, 2009) (granting an extension of two hours and forty-five minutes beyond the presumptive limit where the deposed party "appear[ed] to be the best source for th[e] information").

Defendant argues plaintiff had sufficient time to conduct a fair examination, and cites to various portions of Ray's deposition transcript in which plaintiff's counsel allegedly "asked and received responses" about the issues referenced above. (Def.'s Jan. 17, 2012 Letter Brief.) However, the Court is unable to review defendant's contention that plaintiff has conducted a fair examination of those issues because defendant's counsel did not submit a copy of the relevant pages of Ray's deposition transcript, and the Court lacks a complete transcript of Ray's deposition.

Relying on plaintiff's assertion that important issues remain unaddressed, the Court GRANTS plaintiff an additional <u>three</u> hours to depose Ray.[1] [2]

**IT IS SO ORDERED.**

Dated: January 24 , 2011

SUSAN ILLSTON
United States District Judge

---

[1] Defendant requests that the Court permit Ray to comply with the Court's December 23, 2011 discovery order by providing a written deposition response regarding the identity of an African-American firefighter who complained of harassment at Station 7. (Def.'s Jan. 17, 2012 Letter Brief.) Because the Court has ordered further deposition, Ray can answer questions about the firefighter's identity during the three hour deposition.

[2] The Court notes, in its December 23, 2011 Order, that "[a]ll future discovery disputes must be in accord with July 28, 2011 Standing Order" ("Standing Order"). In the latest discovery dispute, parties disagree over whether parties complied with the Standing Order's meet and confer requirements. (Pl.'s Jan. 6, 2012 Letter Brief; Def.'s Jan. 17, 2012 Letter Brief.) The Court reiterates that parties *must* comply with the Standing Order, *available at* http://www.cand.uscourts.gov/siorders.