UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EL-MALIK CURTIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | Case No. 10-cv-00358-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL**<br><br>Re: Dkt. No. 195 |

Now before the Court is defendants' motion to file under seal Exhibit C to the declaration of Christine Maloney in support of defendants' opposition to plaintiff's second motion in limine. Exhibit C contains Dr. Bernard Rappaport's psychiatric evaluation of plaintiff. For the reasons stated, the Court **GRANTS** defendants' motion.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In

addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because a motion in limine is non-dispositive, the "good cause" standard applies.

## DISCUSSION

To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Defendants' seek to seal Dr. Bernard Rappaport's psychiatric evaluation of plaintiff. Defendants' contend that the report is sealable in its entirety because it is replete with "private medical information," is "highly personal and its public disclosure has the potential for embarrassment and harm to Plaintiff's reputation."

After reviewing the declaration and the report at issue, the Court concludes that defendants have sufficiently articulated compelling reasons for sealing Dr. Rappaport's psychiatric report. Accordingly, the Court GRANTS defendants' motion to seal.

**IT IS SO ORDERED.**

Dated: March 17, 2015

SUSAN ILLSTON
United States District Judge