UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EL-MALIK CURTIS,<br>   Plaintiff,<br>   v.<br>CITY OF OAKLAND, et al.,<br>   Defendants. | Case No. 10-cv-00358-SI<br><br>**ORDER RE: JURY INSTRUCTIONS** |

The Court has reviewed the operative complaint (Dkt. No. 27), the prior decision of the Ninth Circuit in this case,[1] the proposed joint jury instructions (Dkt. No. 198), the Judicial Council of California Civil Jury Instructions (CACI) Fall 2015 Edition, and the Ninth Circuit Manual of Civil Jury Instructions.[2] Attached is the Court's understanding of the remaining operative causes of action and the basic elements of each. It is not meant to include all provisions that will be incorporated into the jury instructions.

The attached also includes questions for the parties under each cause of action. The parties are ordered to meet and confer in an effort to answer the Court's questions. In lieu of filing updated proposed joint jury instructions, the parties are ordered to submit a joint statement answering the questions by **6 p.m. on December 2, 2015**. No extension to the deadline will be granted. The joint statement should maintain the Court's numbering system.

After answering the Court's questions the parties may list objections as to each cause of action. The objections must reference the particular CACI or Ninth Circuit jury instruction number. The Court has provided those numbers following each cause of action below.

---

[1] *Curtis v. City of Oakland*, 571 Fed. App'x 616 (2014).

[2] The updated version of the Ninth Circuit Manual of Civil Jury Instructions is available at http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

The parties are encouraged to stipulate on any mutually-agreed upon elements. Stipulations should be listed following the objections, again referencing the particular CACI or Ninth Circuit jury instruction number.

If the parties contend that the Court has neglected to include a particular cause of action, they may note this at the close of their written objections. The parties must list the source upon which they content the additional instruction should be based.

**IT IS SO ORDERED**.

Dated: November 24, 2015

_____
SUSAN ILLSTON
United States District Judge

2

# HOSTILE WORK ENVIRONMENT: CITY OF OAKLAND

**§ 1981**

- **Hostile work environment - harassment elements** (Ninth Circuit Model Civil Jury Instructions No. 10.2A)
    1. Plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;
    2. The conduct was unwelcome;
    3. The conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;
    4. Plaintiff perceived the working environment to be abusive or hostile; and
    5. A reasonable man in plaintiff's circumstances would consider the working environment to be abusive or hostile.

- **Hostile work environment caused by supervisor--claim based on vicarious liability** (Ninth Circuit Model Civil Jury Instructions No. 10.2B)
    1. An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a racially hostile work environment for that employee. The plaintiff claims that he was subjected to a racially hostile work environment by _____, and that _____ was his [immediate supervisor] [a person with successively higher authority over plaintiff].

- **Hostile work environment caused by non-immediate supervisor or by co-worker--claim based on negligence** (Ninth Circuit Model Civil Jury Instructions No. 10.2C)
    1. Plaintiff was subjected to a racially hostile work environment by a non-immediate supervisor or co-worker; and
    2. Defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

**QUESTIONS:**

**1.** What are the name(s) of the alleged harasser(s) for the § 1981 hostile work environment caused by non-immediate supervisor or by co-worker claim?

**2.** What are the name(s) of the alleged harasser(s) for the § 1981 hostile work environment caused by supervisor(s) claim?  For each alleged harasser, state whether he or she was an immediate supervisor or a person with successively higher authority over Mr. Curtis.

**FEHA** (CACI No. 2521A)
1. Plaintiff was an employee of the City of Oakland;
2. Plaintiff was subjected to unwanted harassing conduct because he was African-American;
3. The harassing conduct was severe or pervasive;
4. A reasonable African-American person in plaintiff's circumstances would have considered the work environment to be hostile or abusive;
5. Plaintiff considered the work environment to be hostile or abusive;
6. That a supervisor with actual, or reasonably perceived, authority over plaintiff engaged in the conduct
   OR
   The City of Oakland or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;
7. Plaintiff was harmed; and
8. The conduct was a substantial factor in causing plaintiff's harm.

---

**QUESTIONS:**

**3.** Is the FEHA claim against the City of Oakland based on (1) a supervisor's conduct, or (2) conduct by a co-worker that the City of Oakland or its supervisors and agents knew or should have known about, and failed to take immediate corrective action? Or both?

**4.** What are the name(s) of the alleged harasser(s)? State whether each alleged harasser was a supervisor or co-worker.

**5.** For the definition of "harassing conduct," verbal harassment includes obscene language, demeaning comments, slurs, or threats. Do the parties wish to include any other form of verbal harassment?

---

**§ 1983 Claim Based On Official Policy, Practice, Or Custom** (Ninth Circuit Model Civil Jury Instructions No. 9.4)
1. [Name of City of Oakland's official or employee] acted under color of law;
2. The acts of [name of City of Oakland's official or employee] deprived the plaintiff of his particular rights under the laws of the United States and the United States Constitution as explained in later instructions; and
3. [Name of the City of Oakland's official or employee] acted pursuant to an expressly adopted official policy or longstanding practice or custom of the defendant

**QUESTIONS:**

    **6.** What are the name(s) of the alleged official(s) or employee(s) who allegedly deprived Mr. Curtis of his rights?

    **7.** Will the parties stipulate that the City of Oakland's official(s) or employee(s) acted under color of law?

    **8.** Is the § 1983 claim against the City of Oakland based only on an official policy, practice, or custom, or is there another § 1983 claim based on failure to train or any other basis?

    **9.** Which federal law(s) or provision(s) of the United States Constitution is the § 1983 claim against the City of Oakland based on: the Fourteenth Amendment due process and equal protection clauses, § 1981, Title VII, and/or something else?

**HOSTILE WORK ENVIRONMENT: RAY, TORRES, FARRELL**

**§ 1981** (Ninth Circuit Model Civil Jury Instructions No. 10.2A)
1. Plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature by the individual defendant;
2. The conduct was unwelcome;
3. The conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create a racially abusive or hostile work environment;
4. Plaintiff perceived the working environment to be abusive or hostile; and
5. A reasonable man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

**§ 1983**
- **Claim Against Defendant in Individual Capacity** (Ninth Circuit Model Civil Jury Instructions No. 9.2)
    1. Defendant acted under color of law; and
    2. The act(s) of the defendant deprived the plaintiff of his particular rights under the United States Constitution and laws of the United States as explained in later instructions.

- **Claim Against Supervisory Defendant in Individual Capacity** (Ninth Circuit Model Civil Jury Instructions No. 9.3)
    1. Defendant acted under color of law;
    2. The act(s) of the defendant's subordinate(s) [NAMES] deprived the plaintiff of his particular rights under the United States Constitution and laws of the United States as explained in later instructions; and
    3. The defendant directed his or her subordinate(s) in the act(s) that deprived the plaintiff of these rights.
    OR
    The defendant set in motion a series of acts by [his] [her] subordinates that [he] [she] knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights
    OR
    (a) the defendant knew, or reasonably should have known, that his or her subordinate[s] were engaging in these act[s] and that their conduct would deprive the plaintiff of these rights; and
    (b) the defendant failed to act to prevent his or her subordinate[s] from engaging in such conduct.

**QUESTIONS:**

 **10.** Will the parties stipulate that the individual defendants acted under color of law for the § 1983 claims?

 **11.** Is the § 1983 claim against Jennifer Ray in (1) her individual capacity, or (2) as a supervisory defendant in her individual capacity? Or both?

 **12.** Is the § 1983 claim against Joseph Torres in (1) his individual capacity, or (2) as a supervisory defendant in his individual capacity? Or both?

 **13.** Is the § 1983 claim against John Farrell in (1) his individual capacity, or (2) as a supervisory defendant in his individual capacity? Or both?

 **14.** If any of the § 1983 claims against the individual defendants is brought against them as supervisory defendants, what are the names of their subordinates who deprived plaintiff of his rights?

 **15.** Which federal law(s) or provision(s) of the United States Constitution is the § 1983 claim based on: the Fourteenth Amendment due process and equal protection clauses, § 1981, Title VII, and/or something else?

**RETALIATION: CITY OF OAKLAND**

**§ 1981 / Title VII** (Ninth Circuit Model Civil Jury Instructions No. 10.3)
1. Plaintiff engaged in or was engaging in an activity protected under federal law, that is [activity].
2. The employer subjected the plaintiff to an adverse employment action, that is [adverse action]
3. Plaintiff was subjected to the adverse employment action because of his [participation in the protected activity].

**QUESTIONS:**

16. What is the protected activity: the filing of the EEOC and DFEH complaints, the filing of the EOP complaint, or something else? Will the parties stipulate to this?

17. What are the specific adverse action(s) for the § 1981 and Title VII retaliation claims against the City of Oakland?

**FEHA** (CACI No. 2505)
1. Plaintiff [describe protected activity];
2. The City of Oakland [discharged/demoted/[specify other adverse employment action]] the plaintiff
   OR
   The City of Oakland subjected the plaintiff to an adverse employment action;
3. Plaintiff's [protected activity] was a substantial motivating reason for the City of Oakland's decision to subject him to an adverse employment action;
4. Plaintiff was harmed; and
5. The City of Oakland's conduct was a substantial factor in causing plaintiff's harm

**QUESTIONS:**

18. What is the protected activity: the filing of the DFEH complaints, the filing of the EOP complaint, or something else? Will the parties stipulate to this?

19. Do the parties want element two of the FEHA claim to (1) include the specific alleged adverse action(s), or (2) state that the City of Oakland subjected Mr. Curtis to an adverse

1 employment action? If the parties wish to include the specific alleged adverse action(s), state what
2 adverse actions should be listed.
3     **20.** Do the parties think the evidence will indicate a cat's paw theory of liability for the
4 FEHA, Title VII, or § 1981 retaliation claims?

**RETALIATION: RAY, TORRES, FARRELL, SIMON**

**§ 1981** (Ninth Circuit Model Civil Jury Instructions No. 10.3)
1. Plaintiff engaged in or was engaging in an activity protected under federal law, that is [activity];
2. The employer subjected the plaintiff to an adverse employment action, that is [adverse action]; and
3. Plaintiff was subjected to the adverse employment action because of his [participation in protected activity].

**QUESTIONS:**

   **21.** What is the protected activity: the filing of the E.E.O.C. complaint or something else? Will the parties stipulate to this?

   **22.** What are the specific adverse action(s) for the § 1981 retaliation claims against each individual defendant?