1

2

3

4                                UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    RONALD EL-MALIK CURTIS,                     Case No.  10-cv-00358-SI

          Plaintiff,                             **COURT'S PROPOSED JURY**
8                                                **INSTRUCTIONS**
          v.
9
     CITY OF OAKLAND, et al.,
10
          Defendants.
11

12

13        The Court has reviewed the operative complaint (Dkt. No. 27), the prior decision of the

14   Ninth Circuit in this case,[1] the proposed joint jury instructions (Dkt. No. 198), the joint statement

15   regarding jury instructions (Dkt. No. 256), the plaintiff's proposed cat's paw liability instruction

16   (Dkt. No. 260), the Judicial Council of California Civil Jury Instructions (CACI) Fall 2015

17   Edition, and the Ninth Circuit Manual of Model Civil Jury Instructions.[2]  Attached are the Court's

18   proposed jury instructions.  The Court's proposed verdict forms will be filed simultaneously with

19   this order.

20        After reviewing the Court's proposed jury instructions and verdict forms, the parties shall

21   submit their objections by 6 **p.m. on December 5, 2015**.  In addition to electronically filing their

22   objections, the parties must email copies of the objections to directly the Court.

23        The objections must reference a particular proposed jury instruction number and/or

24   proposed verdict form.  The parties should also list the source upon which they base their

25   objection.

26

27   _____

     [1] *Curtis v. City of Oakland*, 571 Fed. App'x 616 (2014).
28   [2] The updated version of the Ninth Circuit Manual of Civil Jury Instructions is available at
     http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

1       The parties are encouraged to stipulate on any mutually-agreed upon elements of the

2 claims.  Stipulations should be listed following the objections, again referencing the particular

3 proposed jury instruction number.

4       The Court is concerned with the complexity of the instructions, given the related but not

5 entirely congruent scope of the various state and federal claims.  The parties may stipulate to a

6 reduced the number of claims to minimize the overall complexity of the jury instructions.

7

8       **IT IS SO ORDERED.**

9 Dated:   December 4, 2015

10                                 _____

11                                   SUSAN ILLSTON
                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# TABLE OF CONTENTS

## Introductory Instructions

**Jury Instruction No. 1** — Duty of Jury

**Jury Instruction No. 2** — Claims and Defenses

**Jury Instruction No. 3** — Burden of Proof: Preponderance of the Evidence

**Jury Instruction No. 4** — Two or More Parties: Different Legal Rights

**Jury Instruction No. 5** — What is Evidence

**Jury Instruction No. 6** — What is Not Evidence

**Jury Instruction No. 7** — Direct and Circumstantial Evidence

**Jury Instruction No. 8** — Ruling on Objections

**Jury Instruction No. 9** — Credibility of Witnesses

**Jury Instruction No. 10** — Conduct of the Jury

**Jury Instruction No. 11** — No Transcript Available to Jury

**Jury Instruction No. 12** — Taking Notes

## Substantive Liability Instructions

**Jury Instruction No. 13** — Additional Instructions of Law

**Jury Instruction No. 14** — Hostile Work Environment Claim against Defendant City of Oakland: Employer Liability for Co-Worker Harassment under Federal Law (§ 1981)

**Jury Instruction No. 15** — Hostile Work Environment Claim against Defendant City of Oakland: Employer Liability for Supervisor Harassment under Federal Law (§ 1981)

**Jury Instruction No. 16** — "Tangible Employment Action" under Federal Law Defined (§ 1981)

**Jury Instruction No. 17** — Hostile Work Environment Claim against Defendant City of Oakland under State Law (FEHA)

**Jury Instruction No. 18** — "Harassing Conduct" under State Law Explained (FEHA)

**Jury Instruction No. 19** — "Severe or Pervasive" under State Law Explained (FEHA)

**Jury Instruction No. 20** — "Supervisor" under State Law Defined (FEHA)

**Jury Instruction No. 21** — Hostile Work Environment Claim against Defendant Jennifer Ray in Her Individual Capacity under Federal Law (§ 1981)

United States District Court
Northern District of California

United States District Court
Northern District of California

1   **Jury Instruction No. 22** — Hostile Work Environment Claim against Defendant Joseph Torres in

2       His Individual Capacity under Federal Law (§ 1981)

3   **Jury Instruction No. 23** — Hostile Work Environment Claim against Defendant John Farrell in

4       His Individual Capacity under Federal Law (§ 1981)

5   **Jury Instruction No. 24** — Claim against Defendant Jennifer Ray in Her Individual Capacity

6       under Federal Civil Rights Law (§ 1983)

7   **Jury Instruction No. 25** — Equal Protection Clause of the Fourteenth Amendment Explained (§

8       1983)

9   **Jury Instruction No. 26** — Claim against Defendant Jennifer Ray in Her Supervisory Capacity

10      under Federal Civil Rights Law (§ 1983)

11  **Jury Instruction No. 27** — Claim against Defendant Joseph Torres in His Individual Capacity

12      under Federal Civil Rights Law (§ 1983)

13  **Jury Instruction No. 28** — Claim against Defendant John Farrell in His Individual Capacity

14      under Federal Civil Rights Law (§ 1983)

15  **Jury Instruction No. 29** — Retaliation Claim against Defendant City of Oakland under Federal

16      Law (§ 1981, Title VII)

17  **Jury Instruction No. 30** — Retaliation Claim against Defendant City of Oakland under Federal

18      Law, Cat's Paw Theory (§ 1981, Title VII)

19  **Jury Instruction No. 31** — "Adverse Employment Action" under Federal Law Defined (§ 1981,

20  Title VII)

21  **Jury Instruction No. 32** — Retaliation Claim against Defendant City of Oakland under State

22      Law (FEHA)

23  **Jury Instruction No. 33** — Retaliation Claim against Defendant City of Oakland under State

24      Law, Cat's Paw Theory (FEHA)

25  **Jury Instruction No. 34** — "Adverse Employment Action" under State Law Defined (FEHA)

26  **Jury Instruction No. 35** — "Substantial Motivating Reason" under State Law Defined (FEHA)

27  **Jury Instruction No. 36** — Retaliation Claim against Defendant Jennifer Ray in Her Individual

28      Capacity under Federal Law (§ 1981)

4

1  **Jury Instruction No. 37** — Retaliation Claim against Defendant Joseph Torres in His Individual

2      Capacity under Federal Law (§ 1981)

3  **Jury Instruction No. 38** — Retaliation Claim against Defendant John Farrell in His Individual

4      Capacity under Federal Law (§ 1981)

5  **Jury Instruction No. 39** — Retaliation Claim against Defendant Gerald Simon in His Individual

6      Capacity under Federal Law (§ 1981)

7                              **Damages Instructions**

8  **Jury Instruction No. 40** — Damages Instruction

9  **Jury Instruction No. 41** — Nominal Damages Explained

10 **Jury Instruction No. 42** — Defining Conduct that is "Malicious, Oppressive, or in Reckless

11     Disregard of Plaintiff's Rights"

12                            **Concluding Instructions**

13 **Jury Instruction No. 43** — Duty to Deliberate

14 **Jury Instruction No. 44** — Consideration of Evidence: Conduct of the Jury

15 **Jury Instruction No. 45** — Communication with the Court

16 **Jury Instruction No. 46** — Return of the Verdict

1

2

3

4

5

6

7

**INTRODUCTORY INSTRUCTIONS**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1 — DUTY OF THE JURY (1.1C)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. 2 — CLAIMS AND DEFENSES (1.2)

2      The plaintiff, Ronald Curtis, a firefighter with the City of Oakland, claims that he was

3  subject to a racially hostile work environment; specifically, that he was harassed in a severe or

4  pervasive manner in the form of verbal of physical conduct because of his race.  Mr. Curtis asserts

5  this claim pursuant to the California Fair Employment and Housing Act (FEHA) against the City

6  of Oakland.  He also alleges this claim pursuant to 42 United States Code § 1981 against the City

7  of Oakland, Jennifer Ray, Joseph Torres, and John Farrell.

8      Mr. Curtis also alleges that the City of Oakland, Jennifer Ray, Joseph Torres, John Farrell,

9  and Gerald Simon took retaliatory action against him because he filed claims alleging a racially

10  hostile work environment.  Mr. Curtis alleges that the City of Oakland retaliated against him

11  contrary to FEHA, Title VII of the Civil Rights Act, and 42 United States Code § 1981.  Mr.

12  Curtis alleges that Jennifer Ray, Joseph Torres, John Farrell, and Gerald Simon retaliated against

13  him contrary to 42 United States Code § 1981.

14      Mr. Curtis also alleges a violation of 42 United States Code § 1983 against Jennifer Ray,

15  Joseph Torres, and John Farrell.  Section 1983 provides relief for a person alleging a deprivation

16  of his rights, privileges, and immunities under the United States Constitution and federal law.  Mr.

17  Curtis bases his Section 1983 claim on the alleged deprivation of his rights under the Fourteenth

18  Amendment's Equal Protection Clause and 42 United States Code § 1981.

19      The plaintiff has the burden of proving these claims.

20      Defendants City of Oakland, Jennifer Ray, Joseph Torres, John Farrell, and Gerald Simon

21  deny all of these claims.

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3 — BURDEN OF PROOF:  PREPONDERANCE OF THE EVIDENCE (1.3)**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 4 — TWO OR MORE PARTIES: DIFFERENT LEGAL RIGHTS (1.5)**

3       You should decide the case as to each defendant separately. Unless otherwise stated, the

4  instructions apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5 — WHAT IS EVIDENCE (1.6)**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

1

**JURY INSTRUCTION NO. 6 — WHAT IS NOT EVIDENCE (1.7)**

2      In reaching your verdict, you may consider only the testimony and exhibits received into

3   evidence. Certain things are not evidence, and you may not consider them in deciding what the

4   facts are. I will list them for you:

5      (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.

6   What they have said in their opening statements, will say in their closing arguments, and at

7   other times is intended to help you interpret the evidence, but it is not evidence. If the facts

8   as you remember them differ from the way the lawyers have stated them, your memory of

9   them controls.

10      (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their

11   clients to object when they believe a question is improper under the rules of evidence. You

12   should not be influenced by the objection or by the court's ruling on it.

13      (3) Testimony that has been excluded or stricken, or that you have been instructed to

14   disregard, is not evidence and must not be considered.  In addition sometimes testimony

15   and exhibits are received only for a limited purpose; when I have given a limiting

16   instruction, you must follow it.

17      (4) Anything you may have seen or heard when the court was not in session is not

18   evidence. You are to decide the case solely on the evidence received at the trial.

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 7 — DIRECT AND CIRCUMSTANTIAL EVIDENCE (1.9)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 8 — RULING ON OBJECTIONS (1.10)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9 — CREDIBILITY OF WITNESSES (1.11)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 10 — CONDUCT OF THE JURY (1.12)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

16

evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 11 — NO TRANSCRIPT AVAILABLE TO JURY (1.13)**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 12 —  TAKING NOTES (1.14)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**SUBSTANTIVE LIABILITY INSTRUCTIONS**

1    **JURY INSTRUCTION NO. 13 — ADDITIONAL INSTRUCTIONS OF LAW (3.4)**

2        At this point I will give you instructions about the various laws which apply to this case.

3    In giving these instructions, I do not mean to emphasize any one instruction over any other

4    instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 14 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT CITY OF OAKLAND:  EMPLOYER LIABILITY FOR CO-WORKER**

**HARRASSMENT UNDER FEDERAL LAW (§ 1981) (10.2A, 10.2C)**

Ronald Curtis seeks damages from the City of Oakland for a hostile work environment caused by racial harassment.  Mr. Curtis has the burden of proving the following elements by a preponderance of the evidence:

      1.     Mr. Curtis was subjected to a racially hostile work environment <u>by a non-immediate supervisor and/or co-worker</u>,[3] which includes the following five elements:

      a)  Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

      b)  the conduct was unwelcome;

      c)  the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Curtis's employment and create a racially abusive or hostile work environment;

      d)  Mr. Curtis perceived the working environment to be abusive or hostile; and

      e)  a reasonable man in Mr. Curtis's circumstances would consider the working environment to be abusive or hostile; and

      2.     the City of Oakland or a member of the City of Oakland's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere

---

[3] Mr. Curtis alleges that the following individuals were his non-immediate supervisors and/or co-workers for purposes of this § 1981 hostile work environment claim:  Robert Lipp, Jason Lloyd, Mario Castillo, Justin Elliot, Frank Mui, Kurt Emke, Monte Gardea, James Ready, John Farrell, Roger Prieto, Michael Sullivan.  Any of these alleged individuals may serve as the "non-immediate supervisor and/or co-worker" as underlined above.

United States District Court
Northern District of California

offensive utterance, and whether it unreasonably interfered with an employee's work performance.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or Mr. Curtis's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of Mr. Curtis's employment.  A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.  You should consider all the circumstances in this case in determining whether a person has such a duty.

The City of Oakland's remedial action must be reasonable and adequate.  Whether the City of Oakland's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.  An effective remedy should be proportionate to the seriousness of the offense.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

1    **JURY INSTRUCTION NO. 15 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

2    **DEFENDANT CITY OF OAKLAND:  EMPLOYER LIABILITY FOR SUPERVISOR**

3    **HARRASSMENT UNDER FEDERAL LAW (§ 1981) (10.2A, 10.2B)**

4    An employer may be liable when an employee's supervisor creates a racially hostile work

5    environment for that employee.

6    A "supervisor" is someone who is empowered by the employer to take <u>tangible</u>

7    <u>employment actions</u>[4] regarding the employee, such as hiring, firing, failing to promote,

8    reassigning, reassigning with significantly different responsibilities, or significantly changing

9    benefits.

10   Mr. Curtis claims that he was subjected to a racially hostile work environment by Joseph

11   Torres and/or Jennifer Ray.  Mr. Curtis further claims that Joseph Torres and/or Jennifer Ray

12   was/were his supervisor(s) empowered by the City of Oakland to take tangible employment

13   actions against him.

14   In order to establish a racially hostile work environment by a supervisor, Ronald Curtis

15   must prove each of the following elements by a preponderance of the evidence:

16   1.    Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or

17   physical contact or intimidation of a racial nature by Joseph Torres and/or Jennifer Ray, his

18   supervisor(s);

19   2.    the conduct was unwelcome;

20   3.    the conduct was sufficiently severe or pervasive to alter the conditions of

21   Mr. Curtis's employment and create a racially abusive or hostile work environment;

22   4.    Mr. Curtis perceived the working environment to be abusive or hostile; and

23   5.    a reasonable man in Mr. Curtis's circumstances would consider the working

24   environment to be abusive or hostile.

25   Whether the environment constituted a racially hostile work environment is determined by

26   looking at the totality of the circumstances, including the frequency of the harassing conduct, the

27

28   _____

[4] The term "tangible employment action" is defined in Instruction No. 16.

*United States District Court*
*Northern District of California*

24

severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

1
2

**JURY INSTRUCTION NO. 16 — "TANGIBLE EMPLOYMENT ACTION" UNDER FEDERAL LAW DEFINED (§1981) (10.4B)**

3      Tangible employment actions are the means by which a supervisor brings the official

4  power of the enterprise to bear on subordinates.  A tangible employment action requires an official

5  act of the enterprise, a company act.  A tangible employment action consists of a significant

6  change in employment status such as firing, failing to promote, reassignment, a significant change

7  in responsibilities, undesirable reassignment, or a significant change in benefits.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT CITY OF OAKLAND UNDER STATE LAW**

**(FEHA) (CACI 2521A)**

Ronald Curtis claims that that he was subjected to harassment based on his race in his workplace at the City of Oakland, causing a hostile or abusive work environment in violation of state law. To establish this claim, Mr. Curtis must prove all of the following by a preponderance of the evidence:

1.    That Mr. Curtis was an employee of the City of Oakland;

2.    That Mr. Curtis was subjected to unwanted harassing conduct because he was African-American;

3.    That the <u>harassing conduct</u>[5] was so <u>severe or pervasive</u>;[6]

4.    That a reasonable African-American person in Mr. Curtis's circumstances would have considered the work environment to be hostile or abusive;

5.    That Mr. Curtis considered the work environment to be hostile or abusive;

6.

   ✦  That a <u>supervisor</u>[7] engaged in the conduct;

<u>OR</u>

   ✦  That the City of Oakland or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;

7.    That Mr. Curtis was harmed; and

8.    That the conduct was a substantial factor in causing Mr. Curtis's harm.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[5] "Harassing conduct" is explained in Jury Instruction No. 18.
[6] "Severe or pervasive" is explained in Jury Instruction No. 19.
[7] "Supervisor" is defined in Jury Instruction No. 20.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18 — "HARASSING CONDUCT" UNDER STATE LAW EXPLAINED (FEHA) (CACI 2523)**

Harassing conduct may include any of the following:

a.  Verbal harassment, such as obscene language, demeaning comments, derogatory statements, false accusations, slurs, or threats**;**

b.  Physical harassment, such as unwanted touching, assault, or physical interference with normal work or movement; or

c.  Visual harassment, such as offensive posters, objects, cartoons, or drawings.

**JURY INSTRUCTION NO. 19 — "SEVERE OR PERVASIVE" UNDER STATE LAW EXPLAINED (FEHA) (CACI 2524)**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances.  You may consider any or all of the following:

    a.   The nature of the conduct;

    b.   How often, and over what period of time, the conduct occurred;

    c.   The circumstances under which the conduct occurred;

    d.   Whether the conduct was physically threatening or humiliating;

    e.   The extent to which the conduct unreasonably interfered with an employee's work performance.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 20 — "SUPERVISOR" UNDER STATE LAW DEFINED**

**(FEHA) (CACI 2525)**

A supervisor for the City of Oakland is an individual who has the discretion and authority:

a. To hire, transfer, promote, assign, reward, discipline, or discharge other employees or to effectively recommend any of these actions;

b. To act on the grievances of other employees or effectively to recommend action or grievances; or

c. To direct Ronald Curtis's daily work activities.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 21 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT JENNIFER RAY IN HER INDIVIDUAL CAPACITY UNDER FEDERAL**

**LAW**

**(§ 1981) (10.2A)**

Ronald Curtis seeks damages against the defendant Jennifer Ray for a racially hostile work environment while employed by the City of Oakland.  In order to establish a racially hostile work environment, Mr. Curtis must prove each of the following elements by a preponderance of the evidence:

1.       Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature by Jennifer Ray;

2.       the conduct was unwelcome;

3.       the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Curtis's employment and create a racially abusive or hostile work environment;

4.       Mr. Curtis perceived the working environment to be abusive or hostile; and

5.       a reasonable man in Mr. Curtis's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

1    **JURY INSTRUCTION NO. 22 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

2    **DEFENDANT JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL**

3    **LAW**

4    **(§ 1981) (10.2A)**

5         Ronald Curtis seeks damages against the defendant Joseph Torres for a racially hostile

6    work environment while employed by the City of Oakland.  In order to establish a racially hostile

7    work environment, Mr. Curtis must prove each of the following elements by a preponderance of

8    the evidence:

9              1.    Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or

10   physical contact or intimidation of a racial nature by Joseph Torres;

11             2.    the conduct was unwelcome;

12             3.    the conduct was sufficiently severe or pervasive to alter the conditions of

13   Mr. Curtis's employment and create a racially abusive or hostile work environment;

14             4.    Mr. Curtis perceived the working environment to be abusive or hostile; and

15             5.    a reasonable man in Mr. Curtis's circumstances would consider the working

16   environment to be abusive or hostile.

17        Whether the environment constituted a racially hostile work environment is determined by

18   looking at the totality of the circumstances, including the frequency of the harassing conduct, the

19   severity of the conduct, whether the conduct was physically threatening or humiliating or a mere

20   offensive utterance, and whether it unreasonably interfered with an employee's work performance.

21        If you find that Mr. Curtis has proved all of the elements on which he has the burden of

22   proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

23   any of these elements, your verdict should be for the defendant.

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 23 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

2

**DEFENDANT JOHN FARRELL IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL**

3

**LAW**

4

**(§ 1981) (10.2A)**

5

Ronald Curtis seeks damages against the defendant John Farrell for a racially hostile work

6

environment while employed by the City of Oakland.  In order to establish a racially hostile work

7

environment, Mr. Curtis must prove each of the following elements by a preponderance of the

8

evidence:

9

1.      Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or

10

physical contact or intimidation of a racial nature by John Farrell;

11

2.      the conduct was unwelcome;

12

3.      the conduct was sufficiently severe or pervasive to alter the conditions of

13

Mr. Curtis's employment and create a racially abusive or hostile work environment;

14

4.      Mr. Curtis perceived the working environment to be abusive or hostile; and

15

5.      a reasonable man in Mr. Curtis's circumstances would consider the working

16

environment to be abusive or hostile.

17

Whether the environment constituted a racially hostile work environment is determined by

18

looking at the totality of the circumstances, including the frequency of the harassing conduct, the

19

severity of the conduct, whether the conduct was physically threatening or humiliating or a mere

20

offensive utterance, and whether it unreasonably interfered with an employee's work performance.

21

If you find that Mr. Curtis has proved all of the elements on which he has the burden of

22

proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

23

any of these elements, your verdict should be for the defendant.

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24 — CLAIM AGAINST DEFENDANT JENNIFER RAY IN**

**HER INDIVIDUAL CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§ 1983)**

**(9.2, 10.2A)**

Ronald Curtis also brings a claim against defendant Jennifer Ray in her individual capacity under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  In order to prevail on his § 1983 claim against Jennifer Ray, Ronald Curtis must prove the following element by a preponderance of the evidence:

    1.      the act(s) of Jennifer Ray deprived Mr. Curtis of his particular rights under the laws of the United States, specifically under 42 U.S.C. § 1981, and/or under the equal protection clause of the Fourteenth Amendment of the United States Constitution <u>as explained in other instructions.</u>

       • To prove that the act(s) of Jennifer Ray deprived him of his rights under 42 U.S.C. § 1981, Mr. Curtis must also prove the elements found in Instruction No. 21 and/or Instruction No. 36.

       • To prove that the act(s) of Jennifer Ray deprived him of his rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution, Mr. Curtis must also prove that his rights have been violated as explained in Instruction No. 25.

If you find Mr. Curtis has proved this element, under either § 1981 or the equal protection clause of the Fourteenth Amendment as explained in these instructions, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove this element, your verdict should be for the defendant.

1    **JURY INSTRUCTION NO. 25 — EQUAL PROTECTION CLAUSE OF THE**

2    **FOURTEENTH AMENDMENT EXPLAINED (§ 1983)**

3        The equal protection clause of the Fourteenth Amendment provides that, "No state shall

4    make or enforce any law which shall . . . deny to any person within its jurisdiction the equal

5    protection of the laws."

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 26 — CLAIM AGAINST DEFENDANT JENNIFER RAY IN**

**HER SUPERVISORY CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§ 1983)**

**(9.3, 10.2A)**

Ronald Curtis also brings a claim against defendant Jennifer Ray in her supervisory capacity under the federal statute, 42 U.S.C. § 1983.  In order to prevail on his § 1983 claim against the defendant Jennifer Ray in her supervisory capacity, Ronald Curtis must prove each of the following elements by a preponderance of the evidence:

1.      the act(s) of Jennifer Ray's subordinate, Joseph Torres, deprived Mr. Curtis of his particular rights under the laws of the United States, specifically 42 U.S.C. § 1981 and/or the   equal protection clause of the Fourteenth Amendment of the United States Constitution <u>as explained in other instructions.</u>

   ◆   To prove that the act(s) of Joseph Torres deprived him of his rights under 42 U.S.C. § 1981, Mr. Curtis must also prove the elements found in Instruction No. 22 and/or Instruction No. 37.

   ◆   To prove that the act(s) of Joseph Torres deprived him of his rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution, Mr. Curtis must also prove that his rights have been violated as explained in Instruction No. 25.

*and*

2.      Jennifer Ray directed Joseph Torres in the act(s) that deprived Mr. Curtis of these rights.

*or*

Jennifer Ray set in motion a series of acts by Joseph Torres that she knew or reasonably should have known would cause Joseph Torres to deprive Mr. Curtis of these rights.

*or*

(a)      Jennifer Ray knew, or reasonably should have known, that Joseph Torres

United States District Court
Northern District of California

1                  was engaging in these act(s) and that their conduct would deprive Mr.

2                  Curtis of these rights; and

3        (b)      Jennifer Ray failed to act to prevent Joseph Torres from engaging in such

4                  conduct.

6      If you find that Mr. Curtis has proved all of the elements on which he has the burden of

7  proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

8  any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27 — CLAIM AGAINST DEFENDANT JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§1983) (9.2, 10.2A)**

Ronald Curtis also brings a claim against defendant Joseph Torres in his individual capacity under the federal statute, 42 U.S.C. § 1983.  In order to prevail on his § 1983 claim against Joseph Torres, Ronald Curtis must prove each the following element by a preponderance of the evidence:

1.       the act(s) of Joseph Torres deprived Mr. Curtis of his particular rights under the laws of the United States, specifically under 42 U.S.C. § 1981, and/or under the equal protection clause of the Fourteenth Amendment of the United States Constitution <u>as explained in other instructions.</u>

- To prove that the act(s) of Joseph Torres deprived him of his rights under 42 U.S.C. § 1981, Mr. Curtis must also prove the elements found in Instruction No. 22 and/or Instruction No. 37.

- To prove that the act(s) of Joseph Torres deprived him of his rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution, Mr. Curtis must also prove that his rights have been violated as explained in Instruction No. 25 on a previous page.

If you find Mr. Curtis has proved this element, under either § 1981 or the equal protection clause of the Fourteenth Amendment as explained in these instructions, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove this element, your verdict should be for the defendant.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28 — CLAIM AGAINST DEFENDANT JOHN FARRELL IN**

**HIS INDIVIDUAL CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§ 1983)**

**(9.2, 10.2A)**

Ronald Curtis also brings a claim against defendant John Farrell under the federal statute, 42 U.S.C. § 1983.  In order to prevail on his § 1983 claim against John Farrell, Ronald Curtis must prove the following element by a preponderance of the evidence:

    1.    the act(s) of John Farrell deprived Mr. Curtis of his particular rights under the laws of the United States, specifically under 42 U.S.C. § 1981, and/or under the equal protection clause of the Fourteenth Amendment of the United States Constitution <u>as explained in other instructions.</u>

    &#10022;    To prove that the act(s) of John Farrell deprived him of his rights under 42 U.S.C. § 1981, Mr. Curtis must also prove the elements found in Instruction No. 23 and/or Instruction No. 38.

    &#10022;    To prove that the act(s) of John Farrell deprived him of his rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution, Mr. Curtis must also prove that his rights have been violated as explained in Instruction No. 25 on a prior page.

If you find Mr. Curtis has proved this element, under either § 1981 or the equal protection clause of the Fourteenth Amendment as explained in these instructions, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove this element, your verdict should be for the defendant.

**JURY INSTRUCTION NO. 29 — RETALIATION CLAIM AGAINST DEFENDANT CITY OF OAKLAND UNDER FEDERAL LAW (§ 1981, Title VII) (10.3)**

Ronald Curtis seeks damages against the City of Oakland for retaliation under federal law. Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.    Mr. Curtis engaged in an activity protected under federal law; that is, filing <u>EOPD</u>[8] complaints in 2008 and 2009, or filing the <u>EEOC/DFEH</u>[9] complaint in 2009;

2.    the employer subjected the plaintiff to an <u>adverse employment action</u>;[10] and

3.    Mr. Curtis was subjected to the adverse employment action because of his filing EOPD complaints in 2008 and 2009, or filing the EEOC/DFEH complaint in 2009.

Mr. Curtis would be "subjected to an adverse employment action" *because* of his filing EOPD complaints in 2008 and 2009, or filing the EEOC/DFEH complaint in 2009, if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[8] The City of Oakland Equal Opportunity Programs Division.
[9] The federal Equal Employment Opportunity Commission/ the California Department of Fair Employment & Housing.
[10] The term "adverse employment action" is defined in Instruction No. 31.

**JURY INSTRUCTION NO. 30 — RETALIATION CLAIM AGAINST DEFENDANT CITY OF OAKLAND UNDER FEDERAL LAW, CAT'S PAW THEORY (§ 1981, Title VII) (494 F.3d 1174, 1184)**

In this case, the decision to take an <u>adverse employment action</u>[11] against Ronald Curtis was made by Gerald Simon.  Even if Gerald Simon did not hold any retaliatory intent or was unaware of Mr. Curtis's conduct on which the claim of retaliation is based, the City of Oakland may still be liable for retaliation if Mr. Curtis proves both of the following:

(1)  The allegedly <u>adverse employment action</u>[12] was initiated by, and would not have happened but for, the alleged retaliatory intent of Jennifer Ray and/or Joseph Torres;

(2)  The allegedly <u>adverse employment action</u>[13] was not actually independent because Jennifer Ray and/or Joseph Torres influenced or was/were involved in the decision or the investigation leading thereto.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[11] The term "adverse employment action" is defined in Instruction No. 31.
[12] Same.
[13] Same.

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 31 — "ADVERSE EMPLOYMENT ACTION" UNDER**

**FEDERAL LAW DEFINED (§ 1981, Title VII) (10.4A.1)**

3

4

5

An action is an adverse employment action if a reasonable employee would have found the
action materially adverse, which means it might have dissuaded a reasonable worker from making
or supporting a charge of discrimination.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 32 — RETALIATION CLAIM AGAINST DEFENDANT CITY**

**OF OAKLAND UNDER STATE LAW**

**(CACI 2505)**

Ronald Curtis claims that the City of Oakland retaliated against him for his filing EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009 in violation of state law. To establish this claim, Mr. Curtis must prove all of the following:

1. That Mr. Curtis filed EOPD complaints in 2008 and 2009, and/or filed an EEOC/DFEH complaint(s) in 2009;

2. That the City of Oakland subjected Mr. Curtis to an <u>adverse employment action</u>;[14]

3. That Mr. Curtis's filing EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009 was a <u>substantial motivating reason</u>[15] for the City of Oakland's decision to subject Mr. Curtis to an adverse employment action;

4. That Mr. Curtis was harmed; and

5. That the City of Oakland's retaliatory conduct was a substantial factor in causing Mr. Curtis's harm.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[14] The term "adverse employment action" as to this cause of action is defined below in Instruction No. 34.
[15] The term "substantial motivating reason" is defined below Jury Instruction No. 35.

**JURY INSTRUCTION NO. 33 — RETALIATION CLAIM AGAINST DEFENDANT CITY OF OAKLAND UNDER STATE LAW, CAT'S PAW THEORY**

**(CACI 2511)**

If you find that the decision to take an <u>adverse employment action</u>[16] against Ronald Curtis was made by Gerald Simon but that Gerald Simon did not hold any retaliatory intent or was unaware of Mr. Curtis's conduct on which the claim of retaliation is based, the City of Oakland may still be liable for retaliation if Mr. Curtis proves both of the following:

1. That Mr. Curtis's filing EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009 was a <u>substantial motivating reason</u>[17] for Jennifer Ray and/or Joseph Torres's acts upon which Gerald Simon relied; and

2. That Jennifer Ray and/or Joseph Torres's acts were a <u>substantial motivating reason</u>[18] for Gerald Simon's decision to take the adverse action against Mr. Curtis.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[16] The term "adverse employment action" as to this cause of action is defined below in Instruction No. 34.

[17] The term "substantial motivating reason" is defined below in Instruction No. 35.

[18] Same.

44

**JURY INSTRUCTION NO. 34 — "ADVERSE EMPLOYMENT ACTION" UNDER**

**STATE LAW DEFINED (FEHA) (CACI 2509)**

To recover on his retaliation claim, Ronald Curtis must prove that he was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if the City of Oakland has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Mr. Curtis's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

1    **JURY INSTRUCTION NO. 35 — "SUBSTANTIAL MOTIVATING REASON" UNDER**

2                                    **STATE LAW DEFINED (FEHA) (CACI 2507)**

3        A "substantial motivating reason" is a reason that actually contributed to Mr. Curtis

4    experiencing the adverse employment action.  It must be more than a remote or trivial reason.  It

5    does not have to be the only reason motivating the adverse employment action.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36 — RETALIATION CLAIM AGAINST DEFENDANT**

**JENNIFER RAY IN HER INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981)**

**(10.3)**

Ronald Curtis seeks damages against defendant Jennifer Ray in her individual capacity for retaliation.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.  Mr. Curtis engaged in an activity protected under federal law, that is, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009;

2.  Jennifer Ray subjected Mr. Curtis to an <u>adverse employment action</u>;[19] and

3.  Mr. Curtis was subjected to the adverse employment action because of his filing the EOPD complaints in 2008 and 2009, and/or his filing of the EEOC/DFEH complaint(s) in 2009.

Mr. Curtis would be "subjected to an adverse employment action" *because of* filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009, if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements for which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[19] The term "adverse employment action" is defined above in Jury Instruction No. 31.

**JURY INSTRUCTION NO. 37 — RETALIATION CLAIM AGAINST DEFENDANT**

**JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981)**

**(10.3)**

Ronald Curtis seeks damages against defendant Joseph Torres in his individual capacity, for retaliation.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.   Mr. Curtis engaged in an activity protected under federal law, that is, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009;

2.   Joseph Torres subjected the plaintiff to an <u>adverse employment action</u>;[20] and

3.   Mr. Curtis was subjected to the adverse employment action because of his filing the EOPD complaints in 2008 and 2009, and/or his filing of the EEOC/DFEH complaint(s) in 2009.

Mr. Curtis would be "subjected to an adverse employment action" *because of* his filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009 if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements for which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[20] The term "adverse employment action" is defined above in Jury Instruction No. 31.

48

**JURY INSTRUCTION NO. 38 — RETALIATION CLAIM AGAINST DEFENDANT**

**JOHN FARRELL IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981)**

**(10.3)**

Ronald Curtis seeks damages against defendant John Farrell in his individual capacity, for retaliation.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.   Mr. Curtis engaged in an activity protected under federal law, that is, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009;

2.   John Farrell subjected the plaintiff to an <u>adverse employment action</u>;[21] and

3.   Mr. Curtis was subjected to the adverse employment action because of his filing the EOPD complaints in 2008 and 2009, and/or his filing of the EEOC/DFEH complaint(s) in 2009.

Mr. Curtis would be "subjected to an adverse employment action" because of his filing the EOPD complaints in 2008 and 2009, and/or his filing of the EEOC/DFEH complaint(s) in 2009 if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements for which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[21] The term "adverse employment action" is defined above in Jury Instruction No. 31.

**JURY INSTRUCTION NO. 39 — RETALIATION CLAIM AGAINST DEFENDANT GERALD SIMON IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981) (10.3)**

Ronald Curtis seeks damages against defendant Gerald Simon in his individual capacity, for retaliation under federal law.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.   Mr. Curtis engaged in an activity protected under federal law, that is, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009;

2.   Gerald Simon subjected the plaintiff to an <u>adverse employment action</u>;[22] and

3.   Mr. Curtis was subjected to the adverse employment action because of his filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009.

Mr. Curtis would be "subjected to an adverse employment action" *because of* his filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009 if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[22] The term "adverse employment action" is defined above in Jury Instruction No. 31.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTIONS ON DAMAGES**

1

2

**JURY INSTRUCTION NO. 40 — DAMAGES INSTRUCTION**

**(5.1, 5.2)**

3      It is the duty of the Court to instruct you about the measure of damages.  By instructing

4 you on damages, the Court does not mean to suggest for which party your verdict should be

5 rendered.

6      If you find for Ronald Curtis on his hostile work environment and/or retaliation claims,

7 you must determine Mr. Curtis's damages.  Mr. Curtis has the burden of proving damages by a

8 preponderance of the evidence.  Damages means the amount of money that will reasonably and

9 fairly compensate the plaintiff for any injury you find was caused by the defendants.  You should

10 consider the following:

11      ◆   The nature and extent of the injuries;

12      ◆   The loss of enjoyment of life experienced and which with reasonable probability will

13          be experienced in the future;

14      ◆   The mental and emotional pain and suffering experienced and which with reasonable

15          probability will be experienced in the future.

16      It is for you to determine what damages, if any, have been proved.

17      Your award must be based upon evidence and not upon speculation, guesswork or

18 conjecture.

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 41 — NOMINAL DAMAGES EXPLAINED (5.6)**

2

The law which applies to this case authorizes an award of nominal damages.  If you find

3

for Ronald Curtis but you find that Mr. Curtis has failed to prove damages as defined in these

4

instructions, you may award nominal damages.  Nominal damages may not exceed one dollar.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 42 — DEFINING CONDUCT THAT IS "MALICIOUS, OPPRESSIVE, OR IN RECKLESS DISREGARD OF PLAINTIFF'S RIGHTS"**

3    Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

4   injuring the plaintiff.   Conduct is in reckless disregard of the plaintiff's rights if, under the

5   circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the

6   defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under

7   federal law.   An act or omission is oppressive if the defendant injures or damages or otherwise

8   violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or

9   abuse of authority or power or by the taking advantage of some weakness or disability or

10   misfortune of the plaintiff.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7                           **CONCLUDING INSTRUCTIONS**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 43 — DUTY TO DELIBERATE (3.1)**

2

When you begin your deliberations, you should elect one member of the jury as your

3 presiding juror.  That person will preside over the deliberations and speak for you here in court.

4

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

5 Your verdict must be unanimous.

6

Each of you must decide the case for yourself, but you should do so only after you have

7 considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8 your fellow jurors.

9

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do

10 not come to a decision simply because other jurors think it is right.

11

It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12 you can do so after having made your own conscientious decision.  Do not change an honest belief

13 about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 44 — CONSIDERATION OF EVIDENCE:**

**CONDUCT OF THE JURY (3.1A)**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**JURY INSTRUCTION NO. 45 — COMMUNICATION WITH THE COURT (3.2)**

2

If it becomes necessary during your deliberations to communicate with me, you may send

3  a note through the courtroom deputy, signed by your presiding juror or by one or more members

4  of the jury.  No member of the jury should ever attempt to communicate with me except by a

5  signed writing; I will communicate with any member of the jury on anything concerning the case

6  only in writing, or here in open court.  If you send out a question, I will consult with the parties

7  before answering it, which may take some time.  You may continue your deliberations while

8  waiting for the answer to any question.  Remember that you are not to tell anyone—including

9  me—how the jury stands, numerically or otherwise, until after you have reached a unanimous

10  verdict or have been discharged.  Do not disclose any vote count in any note to the court.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 46 — RETURN OF VERDICT (3.3)**

2

A verdict form has been prepared for you.  After you have reached unanimous agreement

3

on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

4

and advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California