UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EL-MALIK CURTIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 10-cv-00358-SI |

**COURT'S PROPOSED VERDICT FORMS PRIOR TO DELIBERATIONS**

**IT IS SO ORDERED**.

Dated: December 4, 2015

SUSAN ILLSTON
United States District Judge

**Please carefully read and complete this form in the order in which it is presented. Be sure to review the referenced jury instruction at the end of each question, as well as Jury Instructions Nos. 43, 44, 45, and 46.**

## PART A

## CLAIMS AGAINST DEFENDANT JOSEPH TORRES

1. Did Ronald Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by Joseph Torres? *See* **Jury Instruction No. 22.**

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

2. Did Ronald Curtis prove, by a preponderance of the evidence, that Joseph Torres retaliated against Mr. Curtis? *See* **Jury Instruction No. 37.**

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

3. Did Mr. Curtis prove, by a preponderance of the evidence, that the act(s) of Joseph Torres deprived Mr. Curtis of his particular rights under the laws of the United States, specifically 42 U.S.C. § 1981? *See* **Jury Instruction No. 27.** If you answered "No" to both Question 1 and Question 2 above, then your answer to this question must be "No." If you answered "Yes" to Question 1 and/or Question 2 above, then your answer to this question must be "Yes."

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," go directly to Question 5.

4. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual

harm because of the deprivation of his 42 U.S.C. § 1981 rights by Joseph Torres?

\_\_\_\_\_ Yes         \_\_\_\_\_ No

Regardless of your answer to this question, please answer the next question.

5. Did Ronald Curtis prove, by a preponderance of the evidence, that the act(s) of Joseph Torres deprived Mr. Curtis of his particular rights under United States Constitution, specifically the Fourteenth Amendment Equal Protection Clause? ***See* Jury Instruction No. 27**.

\_\_\_\_\_ Yes         \_\_\_\_\_ No

If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," then go directly to question 7.

6. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his Fourteenth Amendment Equal Protection rights by Joseph Torres?

\_\_\_\_\_ Yes         \_\_\_\_\_ No

If the answer to Question 1 and/or Question 2 and/or Question 3 and/or Question 5 is "Yes," then please answer the following question:

7. Did Ronald Curtis prove, by a preponderance of the evidence, that the conduct of Joseph Torres which harmed Mr. Curtis was malicious, oppressive or in reckless disregard of Mr. Curtis's rights, as those terms have been defined to you in these instructions? ***See* Jury Instruction No. 42.**

\_\_\_\_\_ Yes         \_\_\_\_\_ No

Please go to Part B.

# PART B

## CLAIMS AGAINST DEFENDANT JENNIFER RAY

If your answer to Question A(3) and/or A(5) was "Yes," please answer Question 1; if not, go directly to Question 3.

1. Did Mr. Curtis prove, by a preponderance of the evidence, that:

    Jennifer Ray directed Joseph Torres in the act(s) that deprived Mr. Curtis of his rights;

    *or*

    Jennifer Ray set in motion a series of acts by Joseph Torres that she knew, or reasonably should have known, would cause the subordinates to deprive Mr. Curtis of his rights;

    *or*

    (a) Jennifer Ray knew, or reasonably should have known, that Joseph Torres was engaging in these act(s) and that their conduct would deprive Mr. Curtis of these rights; *and*

    (b) Jennifer Ray failed to act to prevent Joseph Torres from engaging in such conduct?

    *See* **Jury Instruction No. 26.**

    \_\_\_\_\_ Yes          \_\_\_\_\_ No

    If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," then go directly to question 3.

2. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his rights by Joseph Torres? If you answered "Yes" to Question A(4) or Question A(6), then your answer to this question must be "Yes." If you answered "No" to both Question A(4) and Question A(6), then your answer must be "No."

    \_\_\_\_\_ Yes          \_\_\_\_\_ No

    Regardless of your answer to this question, please answer the next question.

4

3. Did Ronald Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by Jennifer Ray? *See* **Jury Instruction No. 21.**

\_\_\_\_\_ Yes          \_\_\_\_\_ No

Regardless of your answer to this question, please answer the next question.

4. Did Ronald Curtis prove, by a preponderance of the evidence, that Jennifer Ray retaliated against Mr. Curtis? *See* **Jury Instruction No. 36.**

\_\_\_\_\_ Yes          \_\_\_\_\_ No

Regardless of your answer to this question, please answer the next question.

5. Did Mr. Curtis prove, by a preponderance of the evidence, that the act(s) of Jennifer Ray deprived Mr. Curtis of his particular rights under the laws of the United States, specifically 42 U.S.C. § 1981? If you answered "No" to both Question 3 and Question 4 above, then your answer to this question must be "No." If you answered "Yes" to Question 3 and/or Question 4 above, then your answer to this question must be "Yes." *See* **Jury Instruction No. 26.**

\_\_\_\_\_ Yes          \_\_\_\_\_ No

If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," go directly to Question 7.

6. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his 42 U.S.C. § 1981 rights by Jennifer Ray?

 \_\_\_\_\_ Yes          \_\_\_\_\_ No

Regardless of your answer to this question, please answer the next question.

**7.** Did Ronald Curtis prove, by a preponderance of the evidence, that the act(s) of Jennifer Ray deprived Mr. Curtis of his particular rights under United States Constitution, specifically the Fourteenth Amendment Equal Protection Clause? *See* **Jury**

**Instruction No. 26.**

_____ Yes       _____ No

If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," then go directly to question 9.

8. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his Fourteenth Amendment Equal Protection rights by Jennifer Ray?

_____ Yes       _____ No

If the answer to Question 1 and/or Question 3 and/or Question 4 and/or Question 5 and/or Question 7 is "Yes," then please answer the following question:

9. Did Ronald Curtis prove, by a preponderance of the evidence, that the conduct of Jennifer Ray which harmed Mr. Curtis was malicious, oppressive or in reckless disregard of Mr. Curtis's rights, as those terms have been defined to you in these instructions? *See* **Jury Instruction No. 42.**

_____ Yes       _____ No

Please go to Part C.

# PART C

## CLAIMS AGAINST DEFENDANT JOHN FARRELL

1. Did Ronald Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by John Farrell? *See* **Jury Instruction No. 23.**

   \_\_\_\_\_ Yes          \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

2. Did Ronald Curtis prove, by a preponderance of the evidence, that John Farrell retaliated against Mr. Curtis? *See* **Jury Instruction No. 38.**

   \_\_\_\_\_ Yes          \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

3. Did Mr. Curtis prove, by a preponderance of the evidence, that the act(s) of John Farrell deprived Mr. Curtis of his particular rights under the laws of the United States, specifically 42 U.S.C. § 1981? *See* **Jury Instruction No. 28.** If you answered "No" to both Question 1 and Question 2 above, then your answer to this question must be "No." If you answered "Yes" to Question 1 and/or Question 2 above, then your answer to this question must be "Yes."

   \_\_\_\_\_ Yes          \_\_\_\_\_ No

   If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," go directly to Question 5.

4. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his 42 U.S.C. § 1981 rights by John Farrell?

   \_\_\_\_\_ Yes          \_\_\_\_\_ No

5. Did Ronald Curtis prove, by a preponderance of the evidence, that the act(s) of John

7

Farrell deprived Mr. Curtis of his particular rights under United States Constitution, specifically the Fourteenth Amendment Equal Protection Clause? *See* **Jury Instruction No. 28.**

_____ Yes          _____ No

If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," then go directly to question 7.

6. Did Ronald Curtis prove, by a preponderance of the evidence, that he suffered an actual harm because of the deprivation of his Fourteenth Amendment Equal Protection rights by John Farrell?

_____ Yes          _____ No

If the answer to Question 1 and/or Question 2 and/or Question 3 and/or Question 5 is "Yes," then please answer the following question:

7. Did Ronald Curtis prove, by a preponderance of the evidence, that the conduct of John Farrell which harmed Mr. Curtis was malicious, oppressive or in reckless disregard of Mr. Curtis's rights, as those terms have been defined to you in these instructions? *See* **Jury Instruction No. 42.**

_____ Yes          _____ No

Please go to Part D.

# PART D

# CLAIMS AGAINST DEFENDANT GERALD SIMON

1. Did Ronald Curtis prove, by a preponderance of the evidence, that Gerald Simon retaliated against Mr. Curtis? *See* **Jury Instruction No. 39.**

   \_\_\_\_\_ Yes         \_\_\_\_\_ No

   If your answer to this question is "Yes," then please answer the next question.

2. Did Ronald Curtis prove, by a preponderance of the evidence, that the conduct of Gerald Simon which harmed Mr. Curtis was malicious, oppressive or in reckless disregard of Mr. Curtis's rights, as those terms have been defined to you in these instructions? *See* **Jury Instruction No. 42.**

   \_\_\_\_\_ Yes         \_\_\_\_\_ No

Please go to Part E.

# PART E

## CLAIMS AGAINST DEFENDANT CITY OF OAKLAND

1. Did Ronald Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by a non-immediate supervisor and/or co-worker under federal law? *See* **Jury Instruction No.14.**

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

2. Did Ronald Curtis prove, by a preponderance of the evidence, that Joseph Torres was a supervisor under federal law? *See* **Jury Instruction No. 15.**

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," then go directly to Question 4.

3. Did Mr. Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by Joseph Torres under federal law? *See* **Jury Instruction No. 15.** If you answered "Yes" to Question A(1), then your answer to this question must be "Yes." If you answered "No" to Question A(1), then your answer to this question must be "No."

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   Regardless of your answer to this question, please answer the next question.

4. Did Mr. Curtis prove, by a preponderance of the evidence, that Jennifer Ray was a supervisor under federal law? *See* **Jury Instruction No. 15.**

   \_\_\_\_\_ Yes        \_\_\_\_\_ No

   If your answer to this question is "Yes," then please answer the next question. If your answer to this question is "No," then go directly to Question 6.

5. Did Mr. Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment by Jennifer Ray under federal law?  *See* **Jury Instruction No. 15.**  If you answered "Yes" to Question B(3), then your answer to this question must be "Yes."  If you answered "No" to Question B(3), then your answer to this question must be "No."

_____ Yes          _____ No

Regardless of your answer to this question, please answer the next question.

6. Did Mr. Curtis prove, by a preponderance of the evidence, that he was subjected to a hostile work environment under state law?  *See* **Jury Instruction No. 17**.

_____ Yes          _____ No

Regardless of your answer to this question, please answer the next question.

7. Did Mr. Curtis prove, by a preponderance of the evidence, that the City of Oakland retaliated against Mr. Curtis under state law?  *See* **Jury Instruction Nos. 32 and/or 33.**

_____ Yes          _____ No

Regardless of your answer to this question, please answer the next question.

8. Did Mr. Curtis prove, by a preponderance of the evidence, that the City of Oakland retaliated against Mr. Curtis under federal law?  *See* **Jury Instruction Nos. 29 and/or 30.**  If your answer to Question 3 is "Yes," then your answer to this question must be "Yes."  If your answer to Question 3 is "No," you may answer "Yes" or "No" to this question.

_____ Yes          _____ No

Please go to Part F.

11

# PART F

# DAMAGES

If you answered "No" to <u>all</u> of the questions that you were asked to complete, then go directly to the bottom of this page, and sign and date it. If you answered "Yes" to any of the above questions, please complete the following. If, however, you answered "Yes" only to Question E(2) and/or Question E(4), then go directly to the bottom of this page, and sign and date it.

**Compensatory Damages**

*See* **Jury Instruction No. 40.**

    1. What is the total amount of emotional distress damages that Ronald Curtis proved, in accordance with the instructions you have been given and the evidence in the case?

    $ _____

If you do not award compensatory damages, you may to award nominal damages below:

**Nominal Damages**

*See* **Jury Instruction No. 41.**

    2. What is the total amount of nominal damages that Mr. Curtis proved, in accordance with the instructions you have been given and the evidence in this case? Note that nominal damages may not exceed one dollar.

    $ _____

Once you have completed the entire verdict form, please sign and date it below:

Dated:

                                                                                                 _____
                                                                                                  Foreperson