1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7   RONALD EL-MALIK CURTIS,                    Case No.  10-cv-00358-SI

           Plaintiff,
8
9        v.                                    **JURY INSTRUCTIONS**

10   CITY OF OAKLAND, et al.,

           Defendants.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

## Introductory Instructions

**Jury Instruction No. 1** — Duty of Jury

**Jury Instruction No. 2** — This instruction intentionally left blank.

**Jury Instruction No. 3** — Burden of Proof: Preponderance of the Evidence

**Jury Instruction No. 4** — Two or More Parties: Different Legal Rights

**Jury Instruction No. 5** — What is Evidence

**Jury Instruction No. 6** — What is Not Evidence

**Jury Instruction No. 7** — Direct and Circumstantial Evidence

**Jury Instruction No. 8** — Ruling on Objections

**Jury Instruction No. 9** — Credibility of Witnesses

**Jury Instruction No. 10** — Conduct of the Jury

**Jury Instruction No. 11** — No Transcript Available to Jury

**Jury Instruction No. 12** — Taking Notes

## Substantive Liability Instructions

**Jury Instruction No. 13** — Additional Instructions of Law

**Jury Instruction No. 14** — Hostile Work Environment Claim against Defendant City of Oakland: Employer Liability for Co-Worker Harassment under Federal Law (§ 1981)

**Jury Instruction No. 15** — Hostile Work Environment Claim against Defendant City of Oakland: Employer Liability for Supervisor Harassment under Federal Law (§ 1981)

**Jury Instruction No. 16** — "Tangible Employment Action" under Federal Law Defined (§ 1981)

**Jury Instruction No. 17** — Hostile Work Environment Claim against Defendant City of Oakland under State Law (FEHA)

**Jury Instruction No. 18** — "Harassing Conduct" under State Law Explained (FEHA)

**Jury Instruction No. 19** — "Severe or Pervasive" under State Law Explained (FEHA)

**Jury Instruction No. 20** — "Supervisor" under State Law Defined (FEHA)

**Jury Instruction No. 21** — This instruction intentionally left blank.

United States District Court
Northern District of California

2

**United States District Court**
**Northern District of California**

1   **Jury Instruction No. 22** — Hostile Work Environment Claim against Defendant Joseph Torres in

2         His Individual Capacity under Federal Law (§ 1981)

3   **Jury Instruction No. 23** — Claim against Defendant Jennifer Ray in Her Individual Capacity

4         under Federal Civil Rights Law (§ 1983)

5   **Jury Instruction No. 24** — Claim against Defendant Jennifer Ray in Her Supervisory Capacity

6         under Federal Civil Rights Law (§ 1983)

7   **Jury Instruction No. 25** — Claim against Defendant Joseph Torres in His Individual Capacity

8         under Federal Civil Rights Law (§ 1983)

9   **Jury Instruction No. 26** — Retaliation Claim against Defendant City of Oakland under Federal

10         Law (§ 1981, Title VII)

11   **Jury Instruction No. 27** — Retaliation Claim against Defendant City of Oakland under Federal

12         Law, Cat's Paw Theory (§ 1981, Title VII)

13   **Jury Instruction No. 28** — "Adverse Employment Action" under Federal Law Defined (§ 1981,

14   Title VII)

15   **Jury Instruction No. 29** — Retaliation Claim against Defendant City of Oakland under State

16         Law (FEHA)

17   **Jury Instruction No. 30** — Retaliation Claim against Defendant City of Oakland under State

18         Law, Cat's Paw Theory (FEHA)

19   **Jury Instruction No. 31** — "Adverse Employment Action" under State Law Defined (FEHA)

20   **Jury Instruction No. 32** — "Substantial Motivating Reason" under State Law Defined (FEHA)

21   **Jury Instruction No. 33** — Retaliation Claim against Defendant Jennifer Ray in Her Individual

22         Capacity under Federal Law (§ 1981)

23   **Jury Instruction No. 34** — Retaliation Claim against Defendant Joseph Torres in His Individual

24         Capacity under Federal Law (§ 1981)

25   **Jury Instruction No. 35** — Retaliation Claim against Defendant Gerald Simon in His Individual

26         Capacity under Federal Law (§ 1981)

27                                     **Damages Instructions**

28   **Jury Instruction No. 36** — Damages Instruction

                                            3

**Jury Instruction No. 37** — Nominal Damages Explained

**Jury Instruction No. 38** — Defining Conduct that is "Malicious, Oppressive, or in Reckless

      Disregard of Plaintiff's Rights"

**Concluding Instructions**

**Jury Instruction No. 39** — Duty to Deliberate

**Jury Instruction No. 40** — Consideration of Evidence: Conduct of the Jury

**Jury Instruction No. 41** — Communication with the Court

**Jury Instruction No. 42** — Return of the Verdict

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INTRODUCTORY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1 — DUTY OF THE JURY (1.1C)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2 — THIS INTRUCTION INTENTIONALLY LEFT BLANK.**

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3 — BURDEN OF PROOF:  PREPONDERANCE OF THE EVIDENCE (1.3)**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4 — TWO OR MORE PARTIES: DIFFERENT LEGAL RIGHTS (1.5)**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 5 — WHAT IS EVIDENCE (1.6)**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 6 — WHAT IS NOT EVIDENCE (1.7)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1    **JURY INSTRUCTION NO. 7 — DIRECT AND CIRCUMSTANTIAL EVIDENCE (1.9)**

2           Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4    evidence is proof of one or more facts from which you could find another fact.  You should

5    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

6    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

7    evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 8 — RULING ON OBJECTIONS (1.10)**

2

There are rules of evidence that control what can be received into evidence. When a

3

lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

4

it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the

5

question may be answered or the exhibit received. If I sustain the objection, the question cannot

6

be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question,

7

you must ignore the question and must not guess what the answer might have been.

8

Sometimes I may order that evidence be stricken from the record and that you disregard or

9

ignore the evidence. That means that when you are deciding the case, you must not consider the

10

evidence that I told you to disregard.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9 — CREDIBILITY OF WITNESSES (1.11)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 10 — CONDUCT OF THE JURY (1.12)**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

United States District Court
Northern District of California

15

1    evidence that each party has had an opportunity to address.  A juror who violates these restrictions

2    jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

3    entire trial process to start over.  If any juror is exposed to any outside information, please notify

4    the court immediately.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 11 — NO TRANSCRIPT AVAILABLE TO JURY (1.13)**

During deliberations, you will have to make your decision based on what you recall of the evidence.   You will not have a transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12 —  TAKING NOTES (1.14)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1
2
3
4
5
6
7    **SUBSTANTIVE LIABILITY INSTRUCTIONS**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 13 — ADDITIONAL INSTRUCTIONS OF LAW (3.4)**

2

At this point I will give you instructions about the various laws which apply to this case.

3 In giving these instructions, I do not mean to emphasize any one instruction over any other

4 instruction.

**JURY INSTRUCTION NO. 14 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST DEFENDANT CITY OF OAKLAND:  EMPLOYER LIABILITY FOR CO-WORKER HARRASSMENT UNDER FEDERAL LAW (§ 1981) (10.2A, 10.2C)**

Ronald Curtis seeks damages from the City of Oakland for a hostile work environment caused by racial harassment.  Mr. Curtis has the burden of proving the following elements by a preponderance of the evidence:

1.      Mr. Curtis was subjected to a racially hostile work environment by a non-immediate supervisor and/or co-worker,[1] which includes the following five elements:

    a)  Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or conduct or physical contact or intimidation of a racial nature;

    b)  the conduct was unwelcome;

    c)  the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Curtis's employment and create a racially abusive or hostile work environment;

    d)  Mr. Curtis perceived the working environment to be abusive or hostile; and

    e)  a reasonable man in Mr. Curtis's circumstances would consider the working environment to be abusive or hostile; and

2.      the City of Oakland or a member of the City of Oakland's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the

---

[1] Mr. Curtis alleges that the following individuals were his non-immediate supervisors and/or co-workers for purposes of this § 1981 hostile work environment claim:  Robert Lipp, Jason Lloyd, Mario Castillo, Justin Elliot, Frank Mui, Kurt Emke, Monte Gardea, James Ready, Roger Prieto, Michael Sullivan.  Any of these alleged individuals may serve as the "non-immediate supervisor and/or co-worker" as underlined above.

severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or Mr. Curtis's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of Mr. Curtis's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The City of Oakland's remedial action must be reasonable and adequate. Whether the City of Oakland's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT CITY OF OAKLAND:  EMPLOYER LIABILITY FOR SUPERVISOR**

**HARRASSMENT UNDER FEDERAL LAW (§ 1981) (10.2A, 10.2B)**

An employer may be liable when an employee's supervisor creates a racially hostile work environment for that employee.

A "supervisor" is someone who is empowered by the employer to take <u>tangible employment actions</u>[2] regarding the employee, such as hiring, firing, failing to promote, reassigning, reassigning with significantly different responsibilities, or significantly changing benefits.

Mr. Curtis claims that he was subjected to a racially hostile work environment by Joseph Torres and/or Jennifer Ray.  Mr. Curtis further claims that Joseph Torres and/or Jennifer Ray was/were his supervisor(s) empowered by the City of Oakland to take tangible employment actions against him.

In order to establish a racially hostile work environment by a supervisor, Ronald Curtis must prove each of the following elements by a preponderance of the evidence:

1.      Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or physical contact or conduct or intimidation of a racial nature by Joseph Torres and/or Jennifer Ray, his supervisor(s);

2.      the conduct was unwelcome;

3.      the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Curtis's employment and create a racially abusive or hostile work environment;

4.      Mr. Curtis perceived the working environment to be abusive or hostile; and

5.      a reasonable man in Mr. Curtis's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the

---

[2] The term "tangible employment action" is defined in Instruction No. 16.

United States District Court
Northern District of California

23

1  severity of the conduct, whether the conduct was physically threatening or humiliating or a mere

2  offensive utterance, and whether it unreasonably interfered with an employee's work performance.

3       If you find that Mr. Curtis has proved all of the elements on which he has the burden of

4  proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

5  any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 16 — "TANGIBLE EMPLOYMENT ACTION" UNDER**

**FEDERAL LAW DEFINED (§1981) (10.4B)**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates.  A tangible employment action requires an official act of the enterprise, a company act.  A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT CITY OF OAKLAND UNDER STATE LAW**

**(FEHA) (CACI 2521A)**

Ronald Curtis claims that that he was subjected to harassment based on his race in his workplace at the City of Oakland, causing a hostile or abusive work environment in violation of state law. To establish this claim, Mr. Curtis must prove all of the following by a preponderance of the evidence:

1.     That Mr. Curtis was an employee of the City of Oakland;

2.     That Mr. Curtis was subjected to unwanted harassing conduct because he was African-American;

3.     That the <u>harassing conduct</u>[3] was so <u>severe or pervasive</u>;[4]

4.     That a reasonable African-American person in Mr. Curtis's circumstances would have considered the work environment to be hostile or abusive;

5.     That Mr. Curtis considered the work environment to be hostile or abusive;

6.

    ✦  That a <u>supervisor</u>[5] engaged in the conduct;

<u>OR</u>

    ✦  That the City of Oakland or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;

7.     That Mr. Curtis was harmed; and

8.     That the conduct was a substantial factor in causing Mr. Curtis's harm.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[3] "Harassing conduct" is explained in Jury Instruction No. 18.
[4] "Severe or pervasive" is explained in Jury Instruction No. 19.
[5] "Supervisor" is defined in Jury Instruction No. 20.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18 — "HARASSING CONDUCT" UNDER STATE LAW EXPLAINED (FEHA) (CACI 2523)**

Harassing conduct may include, but is not limited to, any of the following:

a.  Verbal harassment, such as obscene language, demeaning comments, derogatory statements, false accusations, slurs, or threats;

b.  Physical harassment, such as unwanted touching, assault, or physical interference with normal work or movement; or

c.  Visual harassment, such as offensive posters, objects, cartoons, or drawings.

**JURY INSTRUCTION NO. 19 — "SEVERE OR PERVASIVE" UNDER STATE LAW EXPLAINED (FEHA) (CACI 2524)**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances.  You may consider any or all of the following:

a.   The nature of the conduct;

b.   How often, and over what period of time, the conduct occurred;

c.   The circumstances under which the conduct occurred;

d.   Whether the conduct was physically threatening or humiliating;

e.   The extent to which the conduct unreasonably interfered with an employee's work performance.

**JURY INSTRUCTION NO. 20 — "SUPERVISOR" UNDER STATE LAW DEFINED**

**(FEHA) (CACI 2525)**

A supervisor for the City of Oakland is an individual who has the discretion and authority:

a. To hire, transfer, promote, assign, reward, discipline, or discharge other employees or to effectively recommend any of these actions;

b. To act on the grievances of other employees or effectively to recommend action on grievances; or

c. To direct Ronald Curtis's daily work activities.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 21 — THIS INSTRUCTION INTENTIONALLY LEFT BLANK.**

**JURY INSTRUCTION NO. 22 — HOSTILE WORK ENVIRONMENT CLAIM AGAINST**

**DEFENDANT JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL**

**LAW**

**(§ 1981) (10.2A)**

Ronald Curtis seeks damages against the defendant Joseph Torres for a racially hostile work environment while employed by the City of Oakland.  In order to establish a racially hostile work environment, Mr. Curtis must prove each of the following elements by a preponderance of the evidence:

        1.      Mr. Curtis was subjected to slurs, insults, jokes or other verbal comments or conduct or physical contact or intimidation of a racial nature by Joseph Torres;

        2.      the conduct was unwelcome;

        3.      the conduct was sufficiently severe or pervasive to alter the conditions of Mr. Curtis's employment and create a racially abusive or hostile work environment;

        4.      Mr. Curtis perceived the working environment to be abusive or hostile; and

        5.      a reasonable man in Mr. Curtis's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

**JURY INSTRUCTION NO. 23 — CLAIM AGAINST DEFENDANT JENNIFER RAY IN**

**HER INDIVIDUAL CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§ 1983)**

**(9.2, 10.2A)**

Ronald Curtis also brings a claim against defendant Jennifer Ray in her individual capacity under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  In order to prevail on his § 1983 claim against Jennifer Ray, Ronald Curtis must prove the following by a preponderance of the evidence:

That the act(s) of Jennifer Ray deprived Mr. Curtis of his particular rights under the laws of the United States, specifically under 42 U.S.C. § 1981, and/or under the equal protection clause of the Fourteenth Amendment of the United States Constitution, which provides that, "No state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

If you find Mr. Curtis has proved this element, under either § 1981 or the equal protection clause of the Fourteenth Amendment, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove this element, your verdict should be for the defendant.

United States District Court
Northern District of California

32

1

2   **JURY INSTRUCTION NO. 24 — CLAIM AGAINST DEFENDANT JENNIFER RAY IN**

3   **HER SUPERVISORY CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§ 1983)**

4   **(9.3, 10.2A)**

5   Ronald Curtis also brings a claim against defendant Jennifer Ray in her supervisory

6   capacity under the federal statute, 42 U.S.C. § 1983.  In order to prevail on his § 1983 claim

7   against the defendant Jennifer Ray in her supervisory capacity, Ronald Curtis must prove each of

8   the following elements by a preponderance of the evidence:

9   1.      the act(s) of Jennifer Ray's subordinate, Joseph Torres, deprived Mr. Curtis of his

10  particular rights under the laws of the United States, specifically 42 U.S.C. § 1981 and/or the

11  equal protection clause of the Fourteenth Amendment of the United States Constitution, which

12  provides that, "No state shall make or enforce any law which shall . . . deny to any person within

13  its jurisdiction the equal protection of the laws."

14  *and*

15  2.      Jennifer Ray directed Joseph Torres in the act(s) that deprived Mr. Curtis of these

16  rights.

17  *or*

18  Jennifer Ray set in motion a series of acts by Joseph Torres that she knew or

19  reasonably should have known would cause Joseph Torres to deprive Mr. Curtis of

20  these rights.

21  *or*

22  (a)     Jennifer Ray knew, or reasonably should have known, that Joseph Torres

23          was engaging in these act(s) and that their conduct would deprive Mr.

24          Curtis of these rights; and

25  (b)     Jennifer Ray failed to act to prevent Joseph Torres from engaging in such

26          conduct.

27

28  If you find that Mr. Curtis has proved all of the elements on which he has the burden of

United States District Court
Northern District of California

proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 25 — CLAIM AGAINST DEFENDANT JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL CIVIL RIGHTS LAW (§1983) (9.2, 10.2A)**

Ronald Curtis also brings a claim against defendant Joseph Torres in his individual capacity under the federal statute, 42 U.S.C. § 1983.  In order to prevail on his § 1983 claim against Joseph Torres, Ronald Curtis must prove the following by a preponderance of the evidence:

That the act(s) of Joseph Torres deprived Mr. Curtis of his particular rights under the laws of the United States, specifically under 42 U.S.C. § 1981, and/or under the equal protection clause of the Fourteenth Amendment of the United States Constitution, which  provides that, "No state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."

If you find Mr. Curtis has proved this element, under either § 1981 or the equal protection clause of the Fourteenth Amendment as explained in these instructions, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove this element, your verdict should be for the defendant.

United States District Court
Northern District of California

1   **JURY INSTRUCTION NO. 26 — RETALIATION CLAIM AGAINST DEFENDANT CITY**

2   **OF OAKLAND UNDER FEDERAL LAW (§ 1981, Title VII) (10.3)**

3          Ronald Curtis seeks damages against the City of Oakland for retaliation under federal law.

4   Mr. Curtis has the burden of proving each of the following elements by a preponderance of the

5   evidence:

6          1.      Mr. Curtis engaged in an activity protected under federal law; such as, filing EOPD[6]

7                  complaints in 2008 and 2009; filing the EEOC/DFEH [7]complaint in 2009; or

8                  protesting or opposing unlawful employment discrimination against employees;

9          2.      the employer subjected the plaintiff to an adverse employment action;[8] and

10         3.      Mr. Curtis was subjected to the adverse employment action because of his protected

11                 activity.

12         Mr. Curtis would be "subjected to an adverse employment action" *because* of his protected

13  activity, if the adverse employment action would not have occurred but for that activity.

14         If you find that Mr. Curtis has proved all of the elements on which he has the burden of

15  proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

16  any of these elements, your verdict should be for the defendant.

17

18

19

20

21

22

23

24

25

26

27  [6] The City of Oakland Equal Opportunity Programs Division.
    [7] The federal Equal Employment Opportunity Commission/ the California Department of Fair
28  Employment & Housing.
    [8] The term "adverse employment action" is defined in Instruction No. 28.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27 — RETALIATION CLAIM AGAINST DEFENDANT CITY**

**OF OAKLAND UNDER FEDERAL LAW, CAT'S PAW THEORY (§ 1981, Title VII)**

**(494 F.3d 1174, 1184)**

In this case, the decision to take an <u>adverse employment action</u>[9] against Ronald Curtis was made by Gerald Simon.  Even if Gerald Simon did not hold any retaliatory intent or was unaware of Mr. Curtis's conduct on which the claim of retaliation is based, the City of Oakland may still be liable for retaliation if Mr. Curtis proves both of the following:

(1)  The allegedly <u>adverse employment action</u>[10] was initiated by, and would not have happened but for, the alleged retaliatory intent of Jennifer Ray and/or Joseph Torres; and

(2)   The allegedly <u>adverse employment action</u>[11] was not actually independent because Jennifer Ray and/or Joseph Torres influenced or was/were involved in the decision or the investigation leading thereto.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[9] The term "adverse employment action" is defined in Instruction No. 28.
[10] Same.
[11] Same.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28 — "ADVERSE EMPLOYMENT ACTION" UNDER FEDERAL LAW DEFINED (§ 1981, Title VII) (10.4A.1)**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**JURY INSTRUCTION NO. 29 — RETALIATION CLAIM AGAINST DEFENDANT CITY**

**OF OAKLAND UNDER STATE LAW**

**(CACI 2505)**

Ronald Curtis claims that the City of Oakland retaliated against him for his filing EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009, and/or protesting or opposing unlawful employment discrimination against employees, in violation of state law. To establish this claim, Mr. Curtis must prove all of the following:

1. That Mr. Curtis filed EOPD complaints in 2008 and 2009, and/or filed an EEOC/DFEH complaint(s) in 2009, and/or protested or opposed unlawful employment discrimination against employees during that time;

2. That the City of Oakland subjected Mr. Curtis to an <u>adverse employment action</u>;[12]

3. That Mr. Curtis's filing EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009, and/or protesting or opposing unlawful employment discrimination against employees was a <u>substantial motivating reason</u>[13] for the City of Oakland's decision to subject Mr. Curtis to an adverse employment action;

4. That Mr. Curtis was harmed; and

5. That the City of Oakland's retaliatory conduct was a substantial factor in causing Mr. Curtis's harm.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[12] The term "adverse employment action" as to this cause of action is defined below in Instruction No. 31.
[13] The term "substantial motivating reason" is defined below Jury Instruction No. 32.

1

**JURY INSTRUCTION NO. 30 — RETALIATION CLAIM AGAINST DEFENDANT CITY**

2

**OF OAKLAND UNDER STATE LAW, CAT'S PAW THEORY**

3

**(CACI 2511)**

4     If you find that the decision to take an <u>adverse employment action</u>[14] against Ronald Curtis

5 was made by Gerald Simon but that Gerald Simon did not hold any retaliatory intent or was

6 unaware of Mr. Curtis's conduct on which the claim of retaliation is based, the City of Oakland

7 may still be liable for retaliation if Mr. Curtis proves both of the following:

8     1.  That Mr. Curtis's filing EOPD complaints in 2008 and 2009, and/or filing the

9         EEOC/DFEH complaint(s) in 2009 and/or protesting or opposing unlawful

10        employment discrimination against employees was a <u>substantial motivating reason</u>[15]

11        for Jennifer Ray and/or Joseph Torres's acts upon which Gerald Simon relied; and

12    2.  That Jennifer Ray and/or Joseph Torres's acts were a <u>substantial motivating reason</u>[16]

13        for Gerald Simon's decision to take the adverse action against Mr. Curtis.

14    If you find that Mr. Curtis has proved all of the elements on which he has the burden of

15 proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove

16 any of these elements, your verdict should be for the defendant.

17

18

19

20

21

22

23

24

25

26

27     [14] The term "adverse employment action" as to this cause of action is defined below in Instruction
      No. 31.

28     [15] The term "substantial motivating reason" is defined below in Instruction No. 32.
      [16] Same.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31 — "ADVERSE EMPLOYMENT ACTION" UNDER STATE LAW DEFINED (FEHA) (CACI 2509)**

To recover on his retaliation claim, Ronald Curtis must prove that he was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if the City of Oakland has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Mr. Curtis's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

1    **JURY INSTRUCTION NO. 32 — "SUBSTANTIAL MOTIVATING REASON" UNDER**

2    **STATE LAW DEFINED (FEHA) (CACI 2507)**

3         A "substantial motivating reason" is a reason that actually contributed to Mr. Curtis

experiencing the adverse employment action.  It must be more than a remote or trivial reason.  It

does not have to be the only reason motivating the adverse employment action.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 33 — RETALIATION CLAIM AGAINST DEFENDANT JENNIFER RAY IN HER INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981) (10.3)**

Ronald Curtis seeks damages against defendant Jennifer Ray in her individual capacity for retaliation.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1.   Mr. Curtis engaged in an activity protected under federal law, such as, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009, and/or protesting or opposing unlawful employment discrimination against employees;

2.   Jennifer Ray subjected Mr. Curtis to an <u>adverse employment action</u>;[17] and

3.   Mr. Curtis was subjected to the adverse employment action because of his protected activity.

Mr. Curtis would be "subjected to an adverse employment action" *because of*  his protected activity, if the adverse employment action would not have occurred but for that activity.

If you find that Mr. Curtis has proved all of the elements for which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[17] The term "adverse employment action" is defined above in Jury Instruction No. 28.

**JURY INSTRUCTION NO. 34 — RETALIATION CLAIM AGAINST DEFENDANT**

**JOSEPH TORRES IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981)**

**(10.3)**

Ronald Curtis seeks damages against defendant Joseph Torres in his individual capacity, for retaliation.  To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1. Mr. Curtis engaged in an activity protected under federal law, such as, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009, and/or protesting or opposing unlawful employment discrimination against employees;

2. Joseph Torres subjected the plaintiff to an <u>adverse employment action</u>;[18] and

3. Mr. Curtis was subjected to the adverse employment action because of his protected activity.

Mr. Curtis would be "subjected to an adverse employment action" *because of* his protected activity if the adverse employment action would not have occurred but for that participation.

If you find that Mr. Curtis has proved all of the elements for which he has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

United States District Court
Northern District of California

---

[18] The term "adverse employment action" is defined above in Jury Instruction No. 28.

**JURY INSTRUCTION NO. 35 — RETALIATION CLAIM AGAINST DEFENDANT GERALD SIMON IN HIS INDIVIDUAL CAPACITY UNDER FEDERAL LAW (§ 1981) (10.3)**

Ronald Curtis seeks damages against defendant Gerald Simon in his individual capacity, for retaliation under federal law. To establish this claim, Mr. Curtis has the burden of proving each of the following elements by a preponderance of the evidence:

1. Mr. Curtis engaged in an activity protected under federal law, such as, filing the EOPD complaints in 2008 and 2009, and/or filing the EEOC/DFEH complaint(s) in 2009; and/or protesting or opposing unlawful employment discrimination against employees;

2. Gerald Simon subjected the plaintiff to an <u>adverse employment action</u>;[19] and

3. Mr. Curtis was subjected to the adverse employment action because of his protected activity.

Mr. Curtis would be "subjected to an adverse employment action" *because of* his protected activity if the adverse employment action would not have occurred but for that activity.

If you find that Mr. Curtis has proved all of the elements on which he has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, Mr. Curtis has failed to prove any of these elements, your verdict should be for the defendant.

---

[19] The term "adverse employment action" is defined above in Jury Instruction No. 28.

**INSTRUCTIONS ON DAMAGES**

**JURY INSTRUCTION NO. 36 — DAMAGES INSTRUCTION**

**(5.1, 5.2, CACI 3924)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ronald Curtis on his hostile work environment and/or retaliation claims, you must determine Mr. Curtis's damages.  Mr. Curtis has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.  You should consider the following:

- The nature and extent of the injuries;
- The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
- The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  You must not include in your award any damages to punish or make an example of any defendant.  Such damages would be punitive damages, and they cannot be a part of your verdict during this phase of the trial.  You must award only the damages that fairly compensate Mr. Curtis for his loss.

United States District Court
Northern District of California

47

**JURY INSTRUCTION NO. 37 — NOMINAL DAMAGES EXPLAINED (5.6)**

The law which applies to this case authorizes an award of nominal damages.  If you find for Ronald Curtis but you find that Mr. Curtis has failed to prove damages as defined in these instructions, you may award nominal damages.  Nominal damages may not exceed one dollar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 38 — DEFINING CONDUCT THAT IS "MALICIOUS, OPPRESSIVE, OR IN RECKLESS DISREGARD OF PLAINTIFF'S RIGHTS"**

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

United States District Court
Northern District of California

1
2
3
4
5
6
7 **CONCLUDING INSTRUCTIONS**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**JURY INSTRUCTION NO. 39 — DUTY TO DELIBERATE (3.1)**

2
3

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

4
5

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

6
7
8

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

9
10

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

11
12
13

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 40 — CONSIDERATION OF EVIDENCE:**

**CONDUCT OF THE JURY (3.1A)**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1    **JURY INSTRUCTION NO. 41 — COMMUNICATION WITH THE COURT (3.2)**

2         If it becomes necessary during your deliberations to communicate with me, you may send

3    a note through the courtroom deputy, signed by your presiding juror or by one or more members

4    of the jury.  No member of the jury should ever attempt to communicate with me except by a

5    signed writing; I will communicate with any member of the jury on anything concerning the case

6    only in writing, or here in open court.  If you send out a question, I will consult with the parties

7    before answering it, which may take some time.  You may continue your deliberations while

8    waiting for the answer to any question.  Remember that you are not to tell anyone—including

9    me—how the jury stands, numerically or otherwise, until after you have reached a unanimous

10   verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

**JURY INSTRUCTION NO. 42 — RETURN OF VERDICT (3.3)**

2

     A verdict form has been prepared for you.  After you have reached unanimous agreement

3

on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

4

and advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California